## RAILROAD COMPANY v. LEECH.

1. Where a landowner, being desirous of promoting the building of a railroad through her land, and in further consideration of one dollar, grants to such railroad company a right of way over her land, the grant is based upon a valuable consideration, to wit, the benefits which she expects to accrue to her land by reason of the construction of a railroad through it.
2. Such supposed benefits cannot be considered where land is condemned by legal process for a right of way, but is sufficient consideration to support a grant.
3. The release by a mother of a right of way to a railroad over land held in common by her and her minor children, could not convey the rights of the minors, and, in this case, did not purport to do so.
4. Where a thing is granted, the grant implies a right to all the means of enjoying it so far as the grantor was possessed of these means. Therefore the grant of a right of way over land of which the grantor was a tenant in common, entitles the grantee to enforce partition, to the end that the share of the grantor may be designated in severalty.
5. And proceedings under a petition by the other co-tenants for compensation for the right of way over the common property will be suspended until such partition can be had under action instituted for that purpose.

Before PRESSLEY, J., York, November, 1889.

Action by "The Charleston, Cincinnati & Chicago Railroad Company" against M. Elizabeth Leech and her four minor children, commenced October 10, 1889. The facts of the case are stated in the opinion. The Circuit decree was as follows:

The only facts before me in this case are contained [in] the pleadings and the release of the right of way, filed with the complaint. By that release, which was voluntary, the defendant, Elizabeth, granted to plaintiff a right of way through *any of her land*. She does [not], either expressly or by implication, bind herself to seek partition for that purpose, of the tract of land in which she then held one-third interest as tenant in common. To insert such clause in said release would be giving it a forced construction. Such partition was manifestly not contemplated by her when she signed the release, nor does it appear by the pleadings that plaintiff ever contemplated such partition until its

railroad had been constructed through the land, and the usual legal proceedings for the damages had been commenced in this court by the other tenants in common. The relief called for in this case seems plainly to me to be an afterthought, never contemplated by. either party when the said release was executed. Plaintiff's attorney has not cited to me any precedent for his claim, and I can find none. The motion to dismiss the complaint is therefore granted. It is so ordered and adjudged.

The plaintiff appealed upon the grounds stated in the opinion.

*Mr. G. W. S. Hart,* for appellant, *cited* Co. Litt., 56, 152; Com. Dig., tit. Grant, e, 9; 25 Am. Dec., 232; 1 Saund., 321-4; 2 Strob. Eq., 147; Freem. Cot. & Part. (2nd edit.) §§ 433, 508; 18 N. H., 396; 46 *Id.*, 369; 59 Penn. St., 23; 23 *Id.*, 99; 28 Mo., 293; 7 Serg. & R., 467.

*Mr. C. E. Spencer,* contra, *cited* Freem. Cot. & Part., §§ 199–205, 421, 185; 26 S. C., 40; 21 *Id.*, 593.

June 25, 1890. The opinion of the court was delivered by

MR. JUSTICE MCIVER. The defendant, M. Elizabeth Leech, with her four minor children, her co-defendants herein, are the owners, as tenants in common, of a certain tract of land which descended to them as heirs at law of Joseph W. Leech, deceased, through and over which tract the plaintiff's railroad has been constructed. On the 4th of May, 1887, the said M. Elizabeth Leech, by her writing under seal, "being desirous of promoting the building of said railroad, and also for and in consideration of the sum of one dollar," the receipt of which was acknowledged, "conveyed, released, and surrendered" to the plaintiff "the right and privilege * * * to enter upon each and every parcel of land belonging to, or held by me, the said M. Elizabeth Leech, wheresoever the same may be situate, and through which they * * * may desire to construct a railroad, with the right and privilege to lay out on the line of said road for its construction and all the uses thereof, a strip of land not exceeding fifty feet on each side of said road, to be measured from the centre thereof."

This conveyance or release contained certain reservations and conditions for the benefit of Mrs. Leech, which it is not material to state. The railroad having been completed through and over said tract of land in October, 1888, and its operation commenced, the minor defendants, by their guardian *ad litem*, on the 13th of August, 1889, filed their petition in the Court of Common Pleas, "praying that a jury might be empanelled to assess and determine the compensation that should be awarded to them for their interest, being two-thirds thereof, in the strip of land, the right of way over which was released and conveyed to the plaintiff herein by the said M. Elizabeth Leech, whose interest was one-third therein, and also praying an assessment for damages to the whole tract. And the petitioners in the said petition aver and charge that said tract of land, because of said release and the construction of said railroad bed over and along the strip described, has been injured and damaged in the sum of twenty-four hundred dollars." Upon the filing of this petition, an order was granted, directing that a jury be empanelled for the purpose of making the assessment demanded.

Thereupon this action was commenced to enjoin and restrain any further proceedings under said petition for assessment of damages, until partition of the said land can be made, and for this purpose judgment is demanded that a writ of partition may be issued, requiring the commissioners to allot to the said M. Elizabeth Leech "the one-third part in value of the said lands, including that portion, if it can be done, upon which she executed to this plaintiff the release aforesaid, and to allot to the minor defendants herein the remaining portion of the said land, either individually or as tenants in common, as to the court may seem just. And if the lands cannot be so allotted that said easement shall be entirely upon the lands set apart to the said M. Elizabeth Leech, then that the said easement and any and all damages therefrom be adjudged to be a charge on the interest of the said M. Elizabeth Leech in the tract of land hereinabove described."

In the complaint, in addition to the facts above stated, together with other allegations not material to be mentioned, it is alleged that the release was executed for valuable consideration, and that

the said M. Elizabeth Leech "was in the sole charge, management, and control of the said lands, and was acting as owner thereof" at the time she executed said release, and that the said minor defendants resided with their mother and were under her protection and control;" but in the answer it is denied that there was any valuable consideration for the release, and while defendants admit that they were residing together as one family, they deny any assumption by Mrs. Leech of the management or control of her children, or management or control or ownership of said land, other than that incident to the relationship of the parties, and they especially deny that she acted as the owner of the land, either in her own right or as guardian of her children.

It is stated in the "Case" that, "by request of counsel the hearing was simply upon the pleadings and the release of right of way"—whatever that may mean—but, as we understand it, the case was heard by the Circuit Judge without any evidence except such as could be derived from the pleadings and the terms of the release, who rendered a decree dismissing the complaint, apparently because he regarded the release as voluntary, and because Mrs. Leech had not thereby either expressly or by implication bound herself to seek partition of the land, which, in his judgment, was not contemplated by either of the parties at the time.

From this judgment plaintiff appeals upon the following grounds substantially : 1st. Because of error in holding that the release was voluntary and without valuable consideration. 2nd. In holding that partition was not contemplated by either of the parties at the time. 3rd. In not holding that Mrs. Leech had such absolute control and management of the land as would authorize her to release the right of way in behalf of her co-tenants as well as herself. 4th. In not adjudging that the writ of partition should issue as prayed for in the complaint.

It seems to us that the Circuit Judge erred in holding that the release was voluntary, that is to say, without any valuable consideration. There was no testimony upon this subject except that afforded by the terms of the paper, and to say nothing of the fact that the seal imported a consideration, it seems to us that the terms of the paper show that there was a valuable considera-

tion. Of course, such a consideration need not necessarily be in the shape of money, but may consist of anything deemed by the parties to be of value, and whether, in the opinion of the court, it was sufficient, is not a question to be considered; and if it were, there is no evidence before us upon which such a question could be determined. All that we know is that for a consideration deemed sufficient by Mrs. Leech, she executed the release, and the only question before us is as to the quality and not as to the quantity of the consideration.

It is quite certain that the release was either intended as a free gift to the railroad company by Mrs. Leech, or that she was moved by some consideration deemed by her of sufficient value to induce her to surrender a certain portion of her rights to the company. There is certainly no reason to suppose that a free gift was intended. The paper is not in a form which would indicate such an intention. The consideration is not, as is usual where a mere gift is intended, confined to the stereotyped nominal consideration of "one dollar," but an additional consideration is stated. The language is: "That I, M. Elizabeth Leech, being desirous of promoting the building of said railroad, and also for and in consideration of the sum of one dollar," &c. Now, experience shows that it is not at all uncommon for persons owning lands along the proposed route of a railroad, moved by considerations of some supposed benefit to themselves or their property, by reason of the construction of the road through or near their land, to execute just such releases as this, and these supposed benefits or advantages which the landowner counts upon receiving from the construction of the railroad, constitute a valuable consideration just as much as a given sum of money. It seems to us that the terms of the release show that this was the real consideration which moved Mrs. Leech to execute it, and that it was not intended as a free gift to the company, but was based upon what she regarded as a sufficient valuable consideration.

It is contended, however, that the statute providing for the mode of acquiring the right of way (Gen. Stat., § 1552), expressly forbids the jury empanelled to determine the compensation to which the landowner may be entitled, from taking into the account any benefit which the owner may derive from the construc-

tion of the railroad.   This is quite true, but it is difficult to see how it applies to the question under consideration.   The provisions of the statute only apply where there is an absence of any agreement between the landowner and the railroad company.   In such a case it may be all right and proper that the landowner shall not be compelled to accept any supposed benefits which may accrue to him as a part of his compensation for the invasion of his rights of property without his consent.   But there is certainly nothing in the statute which forbids a landowner from making any lawful contract with a railroad company in regard to the right of way over his lands.   He may sell the right of way for a given sum of money, or he may release such right for any other valuable consideration, or he may make a free gift of it.   If a valid contract·for the sale or release of the right of way is made, based upon a valuable consideration, the courts will enforce it just like any other contract, and will hold the party making it to all its legal consequences.

The second ground of appeal will be passed over until we come to consider the fourth ground, which presents the real question in 'the case.

The third ground of appeal clearly cannot be sustained.   The terms of the release show that Mrs. Leech did not even undertake to release or convey any of the rights of her minor children, which she unquestionably had no power to do.   It only purports to release and convey her own rights and cannot have any effect whatever upon the rights of her co-tenants, her minor children.

In considering the main question in the case, it will be, perhaps, best to state first certain well settled propositions, which need no authority to sustain them.   There can be no doubt that any one of several tenants in common may, by proper proceedings for partition, have his share or interest in 'the common property separated, so that he may enjoy the same in severalty; and there is as little doubt that this may be done even where the other co-tenants do not desire a partition.   If the parties are all *sui juris*, they may make such partition by agreement amongst themselves; but if they are not, or if some of the co-tenants refuse to make partition, the tenant desiring to have his share in severalty, may go into court and demand a partition, which

will be enforced by proper orders to that end. This being the case, there can be no doubt that Mrs. Leech had the power to enforce partition of the land in question, even though the other co-tenants do not desire, as they say in their answer, to have the partition made.

The real question, then, in this case is, whether the plaintiff has any equity to require Mrs. Leech to exercise her conceded power to demand partition in order that the plaintiff may have and enjoy the full benefit of the grant which she has made to the plaintiff. The authorities cited in the argument of appellant's counsel, to which may be added the case of *Sheets* v. *Shelden's Lessee* (2 Wall., 177), fully sustain the proposition "that where a thing is granted, the grant implies a right to all the means of enjoying it, so far as the grantor was possessed of those means ;" or, as it is more fully expressed by Mr. Justice Field in *Sheets* v. *Shelden's Lessee, supra :* "The true rule on the subject is this, that everything essential to the beneficial use and enjoyment of the property designated is, in the absence of language indicating a different intention on the part of the grantor, to be considered as passing by the conveyance." Now, in this case the thing granted was the right of way for a railroad over a tract of land in which the grantor had an undivided one-third interest, and it certainly was essential to the beneficial use and enjoyment of the thing granted that the undivided interest of the grantor should be severed from that of her co-tenants in order that the grantee might know whether any, and if so, how much, of its road ran over the lands of others, and how much of it was embraced in the land of its grantor. This could only be ascertained by means of a partition which the grantor had the means of enforcing, and was, therefore, under the rule above stated, bound to enforce, as the grantee, not having any such interest in the land itself as would authorize it to demand partition, had no means of doing.

It seems to us, therefore, that the Circuit Judge was in error in holding that partition was not contemplated by either of the parties at the time of the execution of the release. For if, as we have seen, "everything essential to the beneficial use and enjoyment of the property designated is in the absence of language

indicating a different intention on the part of the grantor to be considered as passing by the conveyance," and if the partition was "essential to the beneficial use" of the right of way, then, clearly, that must be regarded as in the contemplation of the parties at the time, as it cannot be pretended that there is any language in the release indicating a different intention on the part of the grantor. And for a like reason we think there was error in refusing the prayer for partition and dismissing the complaint. See, also, the case of *Steedman* v. *Weeks* (2 Strob. Eq., 145), which, though not exactly in point, is quite suggestive— especially the language of Dunkin, Ch., hereinafter quoted. In that case Steedman bought from Weeks one-half of all the saw timber on a certain tract of land owned by Weeks, and the bill was for partition of the timber, which was granted, Dunkin, Ch., using this language: "The defendant sold one half of the timber for the valuable consideration of one thousand dollars. He is bound to afford his vendee every practicable facility for enjoying the benefit of his purchase." So here we say that Mrs. Leech sold the right of way over her land to the plaintiff, and she is bound to afford her vendee every practicable facility for enjoying the benefit of its purchase by a partition which she has full means of procuring, so that plaintiff may enjoy the full benefit of the right of way which she had conveyed to it.

This conclusion, deduced from what we regard as well settled legal principles, is also in accordance with manifest justice and equity. If the partition is ordered, no injustice can possibly result to any of the parties; but if it is refused, it may result in the grossest injustice to the plaintiff. It is conceded on all hands that in no event can Mrs. Leech be entitled to compensation or damages by reason of the construction of the railroad, for she has released her right thereto. It is likewise conceded that the minor defendants are fully entitled to such compensation and damages as they may have sustained by reason of the construction of the road over any part of their land; but we do not see how it is possible for this to be determined until it is ascertained by a partition what portion of their land has been taken by the railroad. Suppose the proceedings instituted by the minors for compensation and damages is allowed to proceed to final judg-

ment before any partition is made, of course, the plaintiff would be compelled to pay to them the amount so adjudged; and suppose that after this, when partition is made, it shall turn out that the railroad does not go through or over any portion of the land allotted to the minors, but goes only over the land allotted to Mrs. Leech, would not this be the grossest injustice to the plaintiff, for in such case the plaintiff will have been required to pay for a right of way over land for which it holds a grant, and to persons who, as it turns out, are not entitled to a foot of the land over which such right of way has been paid for. But if the partition is first made, no possible injustice can result to any one. If the land covered by the track of the railroad is allotted to Mrs. Leech, then the plaintiff would have nothing to pay, having her grant for the same; and if, on the other hand, the whole or any part of the land covered by the railroad is allotted to the minors, then the plaintiff would have to pay them for the same, as it would then appear that it was their property which had been taken, and they would be clearly entitled to compensation therefor.

It seems to us, therefore, that the judgment below must be reversed and the case remanded for the purpose of enabling the Circuit Court to proceed with the partition, in the meantime suspending any further proceedings under the partition filed by the minor defendants for compensation and damages until the partition has been effected. The question as to how the partition shall be made, and the claim made by the complaint to subject the share of Mrs. Leech to the payment of any amount which the plaintiff may be required to pay the minor co-tenants by way of compensation or damages, not having been considered by the court below, are matters not now before us, and have not, therefore, been considered.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded for the purposes above indicated.