DAWKINS v. MATHIS.

PRACTICE—ANSWER—DEMURRER—CODE—CASE FOLLOWED.—Objection that the plaintiff has not legal capacity to maintain the action must be taken by answer or demurrer, and cannot be set up by oral motion or demurrer after answer. Code, sec. 162, sub. 2, and sec. 169, construed. *Mikle* v. *Construction Co.*, 41 S. C., 394, *followed.*

Before BUCHANAN, J., Orangeburg, November, 1895. Reversed.

Action by W. I. Dawkins and Hyland P. Stewart, receiv-

ers of D. B. Stewart Co., against C. H. Mathis, to recover a subscription to capital stock of the company. The following is the order of Judge Buchanan, upon motion of defendant to dismiss the complaint:

This case came on to be heard before me and a jury empanelled at the November, 1895, term. The defendant, upon the reading of the plaintiffs' complaint, interposed an oral motion, called an oral demurrer, to dismiss the complaint on the grounds that the complaint does not state facts sufficient to constitute a cause of action, in that it appears upon the face of the complaint that the plaintiffs are receivers of a foreign corporation, appointed by a foreign court, and that there are no allegations in the complaint showing that the receivers had the authority of the Court to bring the action, or any allegations showing facts authorizing suit in this jurisdiction.

After hearing argument for the motion by Laurie T. Izlar and Messrs. Patterson & Holman, contra, it is adjudged, that the motion to dismiss must prevail, and it is ordered and adjudged, that the plaintiffs' complaint be, and hereby is, dismissed.

From this order the plaintiffs appeal on the following exceptions:

(1) Because his Honor erred in holding that the complaint herein does not state facts sufficient to constitute a cause of action.

(2) Because his Honor should have held that the objection raised by respondent, that a foreign receiver could not sue in the courts of this State without special authority granted, went to the capacity of plaintiff to sue, and, therefore, should have been taken by demurrer or answer duly served within twenty days after the service of the complaint, and not having been so taken, such objection was waived, and came too late at the trial.

(3) Because his Honor erred in not holding that the objection raised by the respondent, that it did not appear that

the plaintiffs had obtained authority from the Court under whom they held their appointment as receivers to sue, went to the capacity to sue, and not having been taken by answer or demurrer, as required by law, such objection was waived.

*Messrs. Patterson & Hallman,* for appellants, cite: 20 A. & E. Ency., 231, 242, 288; Daniels v. Moses, 12 S. C., 130; Code, 169.

*Mr. Laurie T. Izlar,* contra, cites: Code, 318; 20 A. & E. Ency., 229; Booth v. Clark, 17 How. (U. S.), 331; Battle v. Davis, 66 N. C., 252; Screven v. Clark, 48 Ga., 41; Beach v. King, 17 Wend., 197; Gillet v. Fairchild, 4 Den., 80; Merritt v. Leamen, 6 N. Y., 168; Sheldon v. Hay, 11 How. Pr., 11; Bischoff & Co. v. Blease, 20 S. 'C., 465; King v. Cutts, 24 Wis., 627; High on Rec., 209.

July 10, 1896. The opinion of the Court was delivered by

MR. JUSTICE GARY. This action was brought for the purpose of recovering from the defendant the balance due on subscription to the capital stock of the D. B. Stewart Company. The defendant answered the complaint, and set up the defense of failure of consideration.

The other facts necessary for a proper understanding of this case will be found stated in the order granted by his Honor, Judge Buchanan, which, together with appellant's exceptions, will be set out in the report of the case. Section 165 of the Code is as follows: "The defendant may demur to the complaint, when it shall appear upon the face thereof, either: 1. That the Court has no jurisdiction of the person of the defendant or the subject of the action; or 2. That the plaintiff has not legal capacity to sue; or 3. That there is another action pending between the same parties for the same cause; or 4. That there is a defect of parties, plaintiff or defendant; or 5. That several causes of action have been improperly united; or 6. That the complaint does not state facts sufficient to constitute a cause of action."

The objection which the defendant interposes to the sufficiency of the complaint arises properly under subdivision 2, and not under subdivision 6 of said section of the Code. Section 169 of the Code is as follows: "If no such objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the Court, and the objection that the complaint does not state facts sufficient to constitute a cause of action." The case of *Mickle* v. *Construction Co.*, 41 S. C., 394, and the cases therein mentioned, show that objection to the complaint by what is called an "oral demurrer at the trial," comes too late when it arises under subdivision 2, hereinbefore mentioned. This case is cited with approval in *Willis* v. *Tozer*, 21 S. E. R.; 621. Appellant's exceptions are, therefore, sustained.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.