## DUKE v. POSTAL TELEGRAPH CABLE CO.

1. SURVIVAL OF ACTION—DEMURRER.—The objection that an action does not survive cannot be raised by oral demurrer.
2. IBID.—HEIR AT LAW.—Under Code, 1902, 2859, an action for damages to land in erecting a telegraph line survives to the heir at law.
3. CONDEMNATION.—A FOREIGN CORPORATION not domesticated has no right to make entry on lands in this State under its condemnation statutes for purposes of erecting telegraph line.
4. RES JUDICATA.—A JUDGMENT sustaining a demurrer is a bar to a second action on the same facts, but when the complaint in the second action supplies the allegations that rendered the first demurrable, it is not *res judicata.*
5. CHARGE intended as an illustration based on the allegations of the complaint is not a charge on the facts.
6. REAL PROPERTY—COTENANTS.—A PERMIT to enter upon lands to which signer then had no title, but the title to which was afterwards by descent cast upon her and others, is not binding on the rights of her cotenants.
7. DAMAGES—ACTUAL—VINDICTIVE.—Under allegations and proof of a wilful tort, compensatory as well as punitive damages may be proved and recovered.
8. SUPREME COURT—NEW TRIAL.—This Court has no power to grant a new trial because the verdict was unreasonable or excessive.
9. EXCEPTIONS too general.
10. This case distinguished from *Leech* v. R. R., 33 S. C., 178.

11. Damages—Actual—Vindictive.—Where both actual and vindictive damages are alleged, actual damages may be proved and recovered, and the fact that there is no testimony showing punitive damages does not affect the right to recover actual damages.

Before Gage, J., Cherokee, June, 1904. Affirmed.

Action by Alice Duke *et al.* against Postal Telegraph Cable Co. From judgment for plaintiff, defendant appeals.

*Mr. J. C. Jeffries,* for appellant, cites: *In support of 2 and 3 exceptions:* 58 S. C., 532; 27 S. C., 382; 69 S. C., 481. *Of 6 exception:* 32 S. C., 410; 1 Add. on Torts, 447; 33 S. C., 175; 1 Wash. on Real Prop., 483; 2 Ibid., 300; 3 Ibid., 660, 667; 125 Mass., 27; 43 N. Y., 462; 58 S. C., 145; 59 S. C., 371; 21 S. C., 420. *Of 7 exception:* 61 S. C., 170.

*Messrs. Hall & Willis,* contra, cite: *As to exception 1:* 23 Ency., 2 ed., 945. *Exception 2:* Code, 1902, 2211; 37 S. C., 382; 62 S. C., 52. *Exception 4:* 17 S. C., 39; 9 Ency. P. & P., 617; Code of Proc., 170, 171. *Exception 5:* 40 S. C., 108; 69 S. C., 445; 69 S. C., 1; 55 S. C., 403; 52 S. C., 542; 67 S. C., 431; 49 S. C., 285. *Exception 6:* 69 S. C., 160-1. *Exception 7:* 61 S. C., 170; 60 S. C., 48; 63 S. C., 363; 69 S. C., 160; 68 S. C., 98; 62 S. C., 330; 65 S. C., 1, 127; 69. S. C., 110, 116; 66 S. C., 542. *Exception 10:* 6 S. C., 209; 9 S. C., 147; 16 S. C., 76; 27 S. C., 408; 28 S. C., 81. *Exception 11:* 33 S. C., 176; 11 Ency., 2 ed., 403, 417, 448, 429; 19 S. C., 9; 21 S. C., 69.

## Statement of Facts.

The following statement is set out in the record:

"In January, 1903, appellant constructed a telegraph line through the land of one Perry Duke, in Cherokee County, without having obtained from the said Perry Duke a permit so to do. A suit was brought by Perry Duke in January, 1903, for damages for an unlawful construction of the said

line. The cause came on for trial before Honorable Chas. G. Dantzler, at the March term of Court, 1903, of the Court of Common Pleas for Cherokee County. After the reading of the complaint, the defendant interposed an oral demurrer that the complaint did not state facts sufficient to constitute a cause of action on grounds hereinafter named. The demurrer was sustained and complaint dismissed without leave to amend. From order sustaining the demurrer there was no appeal.

"Subsequently Perry Duke died intestate, leaving as his heirs at law, his wife, one of the respondents herein, and his children, the other respondents herein. About the first of September, 1903, the said heirs at law began an action for damages against the appellant for the construction of its telegraph line through the lands of the said Perry Duke, deceased, the preceding January, alleging wilfulness, wantonness, and high-handed conduct on the part of the defendant (and as the appellant claims, it was the same cause of action as that upon which the demurrer was sustained in the case of *Perry Duke* v. *the Appellant, supra*). The cause came on for a hearing at the March term, 1904, of the Court of Common Pleas for Cherokee County. After reading the complaint in conformance with previous notice, the appellant moved for a stay of hearing of the cause until the cost on the case of Perry Duke against the telegraph company should be paid. After hearing argument therein, the Circuit Judge ordered that the hearing of the case be stayed until the cost of the case of Perry Duke should be settled, whereupon attorney for respondents consented to pay the cost in the previous case as taxed. At this point, attorney for appellant, in conformance with previous notice, interposed an oral demurrer and motion to dismiss the said suit on grounds mentioned in motion papers, a copy of which is hereinafter set out. The motion to dismiss and the oral demurrer were overruled and the cause ordered to trial. The defense of the appellant was a general denial; a permit from the wife

7—71

of the former owner of the land, who now has one-third interest therein; the entrance under the said permit; and the equitable defense that by reason of the execution by Alice Duke, one of the respondents herein, who now owns one-third undivided interest in the said land, and who was at the time of the execution of the permit the wife of the former owner, that the land should be partitioned, and the line of the appellant, poles and wires, set off on the portion allotted to the respondent, Alice Duke.

"By consent of counsel the equitable and the legal issues were heard together. At the trial of the said cause the Judge submitted certain questions of fact to the jury for his enlightenment. The jury found a verdict in favor of respondent in the sum of $200. Judgment was entered thereon and notice of appeal given. The Judge, on the 3d day of June, filed his decree overruling the equitable defense, from which decree notice of appeal was duly given."

## OPINION.

March 14, 1905. The opinion of the Court was delivered by

MR. JUSTICE GARY (after the foregoing statement of facts).

The first exception is as follows: "It is respectfully submitted to the Court that his Honor erred in not sustaining the first ground of oral demurrer, which is as follows: 'Because it appears on the face of the complaint itself that the plaintiff had no legal capacity to sue.' The error complained of being that an action of this kind does not survive to the heirs at law of a deceased person." There are two reasons why this exception cannot be sustained. In the first place, such objection cannot be interposed on what is called an "oral demurrer at the trial," under subdiv. 6, sec. 165, of the Code. *Dawkins* v. *Mathis*, 47 S. C., 64, 24 S. E., 990. In the second place, the right to sue is conferred by sec. 2859 of the Code of Laws, which provides that "causes of action for and in

respect to any and all injuries and trespasses, to and upon real estate, shall survive both to and against the personal or real representative (as the case may be) of deceased persons, &c." The heirs at law are the real representatives.

The second exception is as follows: "That it is respectfully submitted that his Honor erred in not sustaining the second ground of oral demurrer, which was as follows: 'Because the complaint does not state facts sufficient to constitute a cause of action, in that statute provides a way for procuring compensation in such cases as this by the land owner, and that the statutory remedy must be pursued. The error complained of being that this should have been a suit for compensation under the statute, and that his Honor erred in not so holding it to be, and in not holding that the statute for compensation should have been plaintiff's remedy." Section 2211 of the Code of Laws provides that any "telegraph * * * company incorporated under the laws of this or any other State, upon complying with laws of this State regulating foreign corporations, and by becoming a domestic corporation, may construct, maintain and operate its line * * * on, over, and under the land of any person * * * in this State. * * * *Provided,* * * * just compensation is first paid such land owners * * * for such right and privilege, to be ascertained in the manner hereinafter provided for."

Section 2212 makes provision for condemnation proceedings.

The complaint alleges that the defendant is not a domestic corporation, under the laws of this State. If the defendant was not a domestic corporation under the laws of this State, then it did not have the right and privilege to make entry upon the land under condemnation proceedings.

The third exception is as follows: "It is respectfully submitted that his Honor erred in not sustaining the third ground of oral demurrer, which was as follows: 'In that the complaint fails to show that before the entry was made, the plaintiff signified in writing his refusal to consent to such entry.' The error complained of

being that the defendant had no notice of objection from the plaintiffs or their intestate to defendant's line crossing the said property." This exception is disposed of by what was said in considering the second exception.

The fourth exception is as follows: "Because his Honor erred in not dismissing the complaint on the last two grounds of oral demurrer above stated, and in not sustaining the order of his Honor, Judge Chas. G. Dantzler, passed at the March term, 1903, of the Court of Common Pleas for Cherokee County, in the case of Perry Duke, plaintiffs' intestate, against the defendant, for the same cause of action; said order of Judge Dantzler being based upon the said last two mentioned grounds of oral demurrer. The error complained of being that the order of Judge Dantzler made the issues as between the plaintiffs, the plaintiffs' intestate, and this defendant, *res judicata*, and his Honor should have so held, the said order being unappealed from." The complaint in the case of Perry Duke against the defendant alleges that it was a corporation organized under the laws of the State of New York, but did not allege that it was not a domestic corporation under the laws of this State. That complaint also alleged that "the said corporation by virtue of its charter and the laws of the State of South Carolina, is now constructing a telegraph line, &c." Also, "that the defendant entered upon the lands of the plaintiff, after repeated notice from plaintiff not to do so, and against the wish and protest of plaintiff."

The present complaint alleges the organization of the defendant as a corporation under the laws of the State of New York, and that it is not a domestic corporation under the laws of this State. It likewise alleges, "that during the month of January, 1903, the defendant, without giving the said Perry Duke notice in writing or otherwise that it required a right of way through said premises, or that it would enter upon said premises for any purpose; without giving said Perry Duke thirty days or any opportunity what-

ever to signify his refusal or consent in writing to the entry of defendant upon said premises; without agreeing with him upon any compensation for such right of way or entry; without paying him any compensation for such right of way or entry; but without notice to the said Perry Duke, and without any knowledge on the part of Perry Duke that defendant required a right of way through said premises, and after assuring him that the defendant had no intention to enter upon said premises, and without taking any steps to condemn a right of way through said premises, as is required by law, and against the notice, consent and protest of the said Perry Duke; and denying and disputing the right of the said Perry Duke to compensation, did enter upon the said premises, &c."

The main difference in the allegations of the two complaints is that in the first it was alleged that the defendant was constructing its line by *virtue of the laws of this State,* while in the second it is practically alleged that it constructed its line in *defiance or disregard of the laws of this State.* The first complaint showed upon its face, that the proper remedy of Perry Duke was under condemnation proceedings, but the second complaint shows that the defendant is not entitled to the right and privilege provided by the statute in condemnation proceedings.

In the case of *Gould* v. *Evansville R. Co.,* 91 U. S., 526, the Court, after stating certain principles as to the effect of a demurrer, proceeds as follows: "But it is equally well settled that if the plaintiff fails on demurrer in his first action, for the omission of an essential allegation in his declaration, which is fully supplied in the second suit, the judgment in the first suit is no bar to the second, although the respective actions were instituted to enforce the same rights; for the reason that the merits of the case, as disclosed in the second declaration, were not heard and decided in the first action." This language is quoted with approval in 2 Black on Judg., sec. 707.

In *Burch* v. *Funk,* 2 Met. (Ky.), 544, the Court, in speaking of a former adjudication, said that "that judgment merely pronounced the former petition insufficient.    It decided that the case presented by that petition was without merit, and to that extent only can be said to have been a decision upon the merits.    But the facts set out in the subsequent case have never been litigated or passed upon in any way, and it is, therefore, illogical and an abuse of terms, to say that the judgment relied upon is a judgment upon the merits of the present case, and for that reason must operate as a bar to any relief."

The note to the *Duchess of Kingston case,* 2 Smith's Leading Cases, 672, thus states the principle: "It is well settled that the estoppel of an adjudication, made on grounds purely technical, and under such circumstances that the merits could not come into question, will be limited to the point actually decided, and will, therefore, not be a bar to a subsequent action, brought in such a form as to avoid the objection which proved fatal in the first."    This language is quoted with approval in *Thew* v. *Manfg. Co.,* 5 S. C., 415. The principle deducible from the authorities is that a judgment sustaining a demurrer, is a bar to a second action on the same facts; but when the complaint in the second action supplies the allegations that rendered the first complaint demurrable, it is not *res judicata.*    The complaint in the case under consideration had that effect.

The fifth exception is as follows: "It is respectfully submitted to this Court that in charging as follows: 'You know what the actual damages mean, the digging of the holes and the running of wagons through it, and they ask whatever they have been actually damaged be assessed by you,' is a charge of facts."    This portion of the charge must be considered in connection with the entire charge.    It was intended merely as an illustration based upon the allegations of the complaint, and was not prejudicial to the rights of the defendant.

The sixth exception is as follows: "Because his Honor erred in not charging appellant's third request to charge, which was as follows: 'If one of the plaintiffs, Alice Duke, executed a permit to go on the land, and they went on the land in consequence of such permit, then your verdict must be for the defendant.' His Honor charged as follows: 'That is true, so far as punitive damages are concerned.' The error complained of being that his Honor should have charged that the entire proposition was true, both as to actual and punitive damages." The permit introduced in evidence was as follows:

"Gaffney, S. C., Sept. 10th, 1902. Received from Postal Telegraph-Cable Company, one dollar, in consideration of which, I hereby grant the said company, its successors and assigns, the right to construct and maintain its line of telegraph, including necessary poles and fixtures, over any land which I own or in which I have an interest in the county of Cherokee and State of South Carolina, and along the roads, streets and highways adjoining said property, with the right to remove all trees necessary for the proper erection and maintenance of said line of poles, and to trim all trees necessary to keep wires clear at least ten feet. To set necessary guy and brace poles, and to attach to trees the necesary guy wires. Alice Duke, land owner. Witness, S. E. Dorsey."

At the time this permit was executed, Alice Duke did not own or have an interest in the land described in the complaint, except, perhaps, her right of dower, which is not in question. If Alice Duke did not have the right to grant the permit, then her action was not binding on the other plaintiffs, yet the request to charge would have made them suffer for her conduct. It would have been proper for the presiding Judge to have refused the request unconditionally.

The seventh request is as follows: "Because his Honor erred in charging as follows: 'As I conceive the complaint to

be, it is to give punitive and actual damages both, but you cannot find punitive damages unless it was done wilfully.' The error complained of being that where both actual and wilful damages are alleged in the complaint, the actual damages cannot be recovered unless there be proof of wilfulness." We find nothing in the charge upon which the assignment of error can properly be founded. The presiding Judge simply charged that the jury could not find punitive damages unless there was wilfulness. He said nothing about the recovery of actual damages. But even under the allegations and proof of a wilful tort, compensatory as well as punitive damages may be proved and recovered. *Chiles* v. *Ry.*, 69 S. C., 327.

The eighth exception is as follows: "Because his Honor erred in not setting aside the verdict and ordering a new trial on account of unreasonableness and excessiveness of the amount of verdict, there being no wilfulness and wantonness shown on the part of the defendant." It is well settled by numerous authorities in this State, that this Court has not the power to grant a new trial because the verdict was excessive or unreasonable in amount.

The ninth exception is as follows: "Because his Honor erred in deciding, in his decree of June the 3d, on the equitable side of the Court, that the defendant was not entitled to the equities asked in the answer. The error complained of being that the decree and decision of his Honor was manifestly contrary to the weight of evidence in the case." This exception is too general.

The tenth exception is as follows: "Because his Honor erred, after the submission of certain questions of fact to the jury for a specific verdict, in overruling the special verdict of the jury, and contrary to the manifest weight of the evidence in the case." This exception is subject to the same objection.

The eleventh exception is as follows: "Because his Honor erred in holding that the testimony does not bring this case

within the doctrine of *Leech* v. *R. R.,* 38 S. C., 176, 11 S. E., 631, it being respectfully submitted to this Court that from the testimony in this case, it brings the case squarely within the doctrine of the said case of *Leech* v. *R. R.,* and on all-fours with said case, and in this respect his Honor erred, as a matter of law and fact." At the time Alice Duke executed the permit, she was not the owner of the property. The Circuit Judge, in his decree upon the equitable issues, says: "The defendant was not misled into believing the land was her own. There was no reason why the defendant company could not ascertain to whom the land belonged." These facts show that the case does not come within the principle announced in *Leech* v. *R. R., supra.*

The twelfth exception is as follows: "Because his Honor erred in holding in his said decree that 'the company paid Alice nothing of value for the right to cross the land with the poles and she got nothing of value for the line.' The error complained of being that the testimony shows plainly that 'Alice' received one dollar for the permit which she gave and for which, under the finding of questions submitted to jury, she 'meant to convey to the telegraph company a right to go on the land of Perry.'" As the defendant was not misled into believing that Alice Duke was the owner of the property, this question becomes unimportant. We see no reason, however, for reversing the finding of the Circuit Judge in respect to the consideration, as we regard it as merely nominal.

The thirteenth exception is as follows: "His Honor erred in not holding in his said decree that the defendant was not entitled to have a partition of the said land and Alice Duke's portion of land set off along the line occupied by defendant's poles, and in not so holding his Honor decided against the great preponderance of evidence." The question presented by this exception has already been disposed of.

The fourteenth exception is as follows: "Because his

Honor erred in holding in his said decree, 'I was impressed with the fact that the defendant did not treat the plaintiffs as they ought to have been dealt with.' The error complained of being that there is not a scintilla of evidence going to show that defendant dealt unfairly with plaintiff or plaintiff's ancestor." This is an immaterial question, but the appellant has not satisfied this Court that there was error.

The fifteenth exception is as follows: "It having been shown in evidence that Alice Duke was the agent of Perry Duke, and his Honor holding that Perry Duke was 'sick and incompetent,' it is respectfully submitted to this Court that his Honor erred in not holding that the permit signed by Alice would bind Perry Duke if he lived and would bind Alice if Perry Duke died, she having inherited a one-third undivided interest of the said Perry Duke's estate, and she having received a dollar for the execution of the said permit." The question presented by this exception has already been disposed of.

The sixteenth exception is as follows: "Because his Honor erred in not charging defendant's first request to charge, which was as follows: 'Where vindictive damage is claimed, unless proven, no other kind of damage can be recovered.' The error complained of being that where both actual and vindictive damages are alleged in the complaint, actual damages cannot be recovered unless there be proof of wilfulness." When both actual and vindictive damages are alleged, the plaintiff may recover both, if the allegations are sustained by the testimony. If the testimony only proves actual damages, he is entitled to recover the same, and the fact that there is no testimony showing punitive damages does not affect his right to recover actual damages.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE WOODS. I concur in the result. I do not assent to the view intimated in the discussion of the twelfth

exception, that the consideration of one dollar would not
have been sufficient, if the plaintiff, Alice Duke, had been the
owner of the land at the time she undertook to execute a
grant of the right of way to the defendant.

MR. JUSTICE JONES *concurs in the result.*