## 8065

### HODGE v. ATLANTIC COAST LUMBER CORPORATION.

1. JUDGMENT—DEMURRER—BAR—APPEAL.—All parties are bound by the construction put on a complaint in passing on a demurrer, not appealed from.

   Where one ground of a demurrer sustained by the Court, is that the complaint shows that deceased while a licensee or trespasser was injured by accident as a result of the breaking of machinery while used in the ordinary course of its business, which could not have been guarded against; such judgment is a bar to a subsequent action on the same cause of action between the same parties.

2. AMENDING COMPLAINT.—Relief from allegations construed to destroy the cause of action is by amendment.

3. REHEARING *refused.*

Before GAGE, J., Georgetown, July, 1910.   Reversed.

Two actions: (1) A. O. Hodge, admr. of Jno. J. Hodge, against Atlantic Coast Lumber Corporation; (2) A. O. Hodge, admr. of Howard M. Hodge, against same.   Defendant appeals.

*Messrs. Willcox & Willcox, Henry E. Davis* and *LeGrand G. Walker,* for appellant, cite: Black on Judg., secs. 13, 29, 707; 111 U. S. 472; 42 S. C. 539; 205 U. S. 122; 91 U. S. 526; 10 Pet. 298; 102 F. 74; 52 Am. D. 537; 38 Am. St. R. 656; 63 Fed. 213; 9 Fed. 481; 62 Fed. 694; 27 Am. St. R. 44; 26 Am. St. R. 828; 10 Am. St. R. 210; 57 S. C. 198; 71 S. C. 95; 91 U. S. 526; 52 S. C. 156.

*Messrs. Legare & Holman* and *Wm. Henry Parker,* contra, cite: 37 S. C. 53; 32 S. C. 142; 35 S. C. 366; 41 S. C. 146; 45 S. C. 365; 50 S. C. 398, 494; 60 S. C. 413; 64 S. C. 96, 494; 68 S. C. 558; 80 S. C. 471; 91 U. S. 526; 71 S. C. 101.

The opinion in this case was filed on July 31, 1911, but held up on petition for rehearing until

December 19, 1911. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. This appeal presents the following question: Does a judgment, dismissing a complaint on a demurrer, based on the ground, among others, that the complaint alleges facts which affirmatively show that plaintiff is not entitled to recover, bar a second action, between the same parties for the same cause?

In *Duke* v. *Tel. Co.,* 71 S. C. 101, 50 S. E. 675, the Court ruled that a judgment dismissing a complaint on demurrer, because of the *omission* of an allegation essential to the cause of action, does not bar a second action in which the necessary allegation is supplied. The reason is that the merits of

the case, as disclosed in the second action, were not heard and decided in the first.

But the authorities cited by the Court in that case recognize this distinction: That where the complaint is dismissed, not because of the *omission* of a material allegation, but because of the *affirmation* therein of facts which show that plaintiff is not entitled to recover, a second action is barred, because the first was necessarily a decision upon the merits. In *Gould* v. *Evansville etc. R. Co.,* 91 U. S. 526, 23 L. ed. 416, the Court deduces these conclusions from the authorities: "1. That a judgment rendered upon demurrer to the declaration or to a material pleading, setting forth the facts, is equally conclusive of the matters confessed by the demurrer as a verdict finding the same facts would be, since the matters in controversy are established in the former case, as well as in the latter, by matter of record; and the rule is, that facts thus established can never after be contested between the same parties or those in privity with them; 2. That if judgment is rendered for the defendant on demurrer to the declaration, or to a material pleading in chief, the plaintiff can never after maintain against the same defendant or his privies any similar or concurrent action for the same cause upon the same grounds as were disclosed in the first declaration; for the reason that the judgment upon such a demurrer determines the merits of the cause, and a final judgment deciding the right must put an end to the dispute, else the litigation would be endless (citing cases). Support to these propositions is found everywhere; but it is equally well settled, that if plaintiff fails on demurrer in his first action from the omission of an essential allegation in his declaration which is fully supplied in the second suit, the judgment in the first suit is no bar to the second, although the respective actions were instituted to enforce the same right, for the reason that the merits of the cause, as disclosed in the second declaration, were not heard and decided in the first action." In Black on Judgments, sec. 707, it is said:

"But if the decision was on account of some inherent vice or defect in the case *shown by the complaint,* rather than for the lack of proper allegations, it is difficult to resist the conclusion that the judgment would be a complete bar to any further suit upon the same transaction or state of facts."

Under these authorities, and especially *Duke* v. *Tel. Co.,* in so far as the demurrer in the first action was based on grounds of insufficiency of allegation in the complaint, the judgment would not be a bar to this action, in which the deficiency is fully supplied. But if it was based also upon the ground that the complaint showed affirmatively that plaintiff was not entitled to recover, then the judgment is a bar to this action. It is not necessary for us to consider the allegations of the complaint in the former case to ascertain what is and what is not therein alleged. The order of the Court, in that case, sustaining the demurrer on the grounds upon which it was based, precludes any such inquiry. All parties, including this Court, are bound by the construction put upon the complaint by the Court in that case. We are also bound by the conclusion of the Circuit Court, in this case, that the order in the former case sustained all the grounds of demurrer; because there is no appeal from that conclusion. Therefore, it is only necessary to look to the grounds of demurrer in the former case to see if any one of them is based upon the ground that the complaint alleges facts which show that the plaintiff was not entitled to recover; for if there is one such ground, it is enough to show that the merits of the former case were considered and decided.

The third ground of demurrer was as follows: "The entire complaint shows that the plaintiff's intestate, while a licensee or a trespasser, was injured by a mere accident as a result of the breaking of the machinery of the defendant, while used in the ordinary course of its business, and which could not have been guarded against." Now, clearly, if the com-

plaint shows what is stated in this ground of demurrer, and that it does cannot now be questioned, it shows affirmatively that plaintiff was not entitled to recover, for the law does not impose liability for a mere accident, which could not have been guarded against. That plaintiff's intestate lost his life as the result of such an accident has been conclusively adjudicated. Therefore, the Court erred in not holding such adjudication to be a bar to this action. Every litigant is entitled to have the merits of his case tried once, but he is entitled to only one such trial.

It must not be inferred that such an allegation is not subject to amendment. *Hall* v. *Woodward,* 30 S. C. 564, 9 S. E. 684. But the remedy in such a case is by amendment, for, so long as the allegation remains in the pleading, the plaintiff is bound by it.

The same question is involved and the same judgment will be entered in the case of A. O. Hodge, as administrator of the estate of Howard M. Hodge, against the same defendant.

Reversed.

Petition for rehearing refused by formal order filed December 19, 1911.