12760

MORTGAGE & ACCEPTANCE CORPORATION v. BROADWELL ET UX.

(150 S. E., 345)

*Messrs. Perry & Guerry,* for appellant,

*Messrs. Reynolds & Reynolds,* for respondents, 

November 12, 1929.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This case involves the question of *res judicata*. In considering the appeal it becomes necessary to go back to October, 1927, when an action was begun by this plaintiff against these defendants. The complaint in that action alleged that the Broadwell Lumber Company was engaged in the automobile business in the city of Sumter; that on or about the 5th day of December, 1925, the defendants executed and delivered to the plaintiff their certain written guaranty, agreeing to reimburse the plaintiff for any losses it had already incurred or might thereafter incur by reason of the purchase from the Broadwell Lumber Company of certain conditional sale agreements (assumed to have been made by that company with purchasers of automobiles), etc.; that the plaintiff purchased from the Broadwell Lumber Company five conditional sale agreements (the names of the purchasers, dates, and amounts due thereon being set forth in detail); that by reason of the plaintiff's purchase of these agreements and the subsequent failure ·of the original purchasers (of the automobiles) to meet the obligation, there was due to the plaintiff from the defendants the sum of $813.89, with interest, etc.

A copy of the alleged contract of guaranty was attached to the complaint and made a part thereof, the pertinent portion being as follows: "Now, therefore, the undersigned jointly and severally do hereby guarantee the performance and/or payment of the following obligations: Contracts

entered into by the dealer (Broadwell Lumber Company) with the corporation (the plaintiff), debts due by the dealer to the corporation, notes, drafts, and acceptances held by the corporation, on which the dealer appears as maker, drawer, acceptor, or endorser, or the payment of which the dealer has guaranteed, and further guarantee the payment of all costs and expenses including reasonable attorney's fees incurred by the corporation in attempting to enforce the performance and/or payment of any such obligation."

No copy of any of the alleged conditional sale agreements was incorporated in the complaint or attached thereto.

The defendant Mrs. Broadwell demurred to the complaint and the demurrer was sustained by Judge J. Henry Johnson on the ground: "That the contract set out in the complaint does not guarantee to the plaintiff the payment of the amounts alleged to be due under the conditional sales contracts." Counsel for plaintiff asked to be allowed to amend the complaint, but this request was refused by Judge Johnson. No appeal was taken in that case.

In March, 1928, the plaintiff again brought suit against the defendants to recover the sum of $813.89, the material difference between the complaint in the second action and that in the first being that in the second action the complaint alleges that certain *notes* had been executed, payable to Broadwell Lumber Company, and had been transferred by indorsement to the plaintiff, and that the defendants by their contract of December 5, 1925, guaranteed the payment of these notes. The names of the makers of the notes, the dates thereof, and the amounts due thereon are set out in the complaint, and are identical with the names of the purchasers under the conditional sale agreements set out in the first complaint, the dates of such agreements, and the amounts due thereon. The same contract of guaranty set forth in the first action was also set forth in this complaint,

but again no copy of any of the alleged notes was incorporated in or attached to the complaint.

Answering, the defendants set up the order of Judge Johnson sustaining the demurrer in the former action as a complete bar to this action, contending that the matter was *res judicata.*

Subsequently, the plaintiff made a motion to dismiss the answer, the defendants moving at the same time for an order dismissing the complaint. Both motions were overruled by an order of Judge John S. Wilson, "without prejudice to the right of the defendants to submit their motion upon trial in open Court to the Presiding Judge in order that evidence may be adduced, if necessary, for and against the motion," and with leave to amend the answer.

Pursuant to this order the defendants filed an amended answer in which they entered a general denial in addition to their plea of *res judicata.*

Before the case was called for trial the question of *res judicata* was submitted, by consent of counsel, to Special Judge R. O. Purdy, counsel for defendants making a motion to dismiss the complaint; certain evidence, including a copy of one of the alleged notes—the others being presumably identical except as to names, dates, and amounts—being submitted in connection with this hearing. Judge Purdy found that the written instruments in both actions were the same and held that they were notes although they contained conditional sale features; but he also held that the matter was *res judicata* on account of the decision of Judge Johnson sustaining the demurrer to the complaint in the first action, and ordered that the complaint be dismissed on that ground.

From this order the plaintiff appeals.

The rule as to whether a judgment dismissing a complaint on demurrer bars a second action is thus stated in *Duke v. Telegraph Co.,* 71 S. C., 95, 50 S. E., 675,

677 : "The principle deducible from the authorities is that a judgment sustaining a demurrer is a bar to a second action on the same facts, but, when the complaint in the second action supplies the allegations that rendered the first complaint demurrable, it is not *res judicata."*

In *Hodge v. Lumber Corp.,* 90 S. C., 229, 71 S. E., 1009, this Court said:

"In *Duke v. Tel. Co.,* 71 S. C., 101, 50 S. E., 675, the Court ruled that a judgment dismissing a complaint on demurrer, because of the *omission* of an allegation essential to the cause of action, does not bar a second action in which the necessary allegation is supplied. The reason is that the merits of the case, as disclosed in the second action, were not heard and decided in the first.

"But the authorities cited by the Court in that case recognize this distinction: That where the complaint is dismissed, not because of the *omission* of a material allegation, but because of the *affirmation* therein of facts which show that plaintiff is not entitled to recover, a second action is barred, because the first was necessarily a decision upon the merits."

See also *Munn v. Munn,* 146 S. C., 290, 143 S. E., 879.

Under this rule, was the plea of *res judicata* established? As already pointed out, the instruments sued on in the first action as conditional sale agreements and those sued on in the second action as notes were not set out in the pleadings. However, by consent of counsel they were placed in evidence before Judge Purdy, and he found that the two sets of instruments were the same papers. As these instruments were denominated conditional sale agreements in the first action, the complaint in that action was dismissed, not because of the omission of a material allegation, but because of the affirmation of facts showing that the plaintiff was not entitled to recover. The complaint in the second action did not supply any defects found in the complaint in the first action, but was an attempt to bring another suit

upon certain written instruments on which the Court had already held no action to lie. Clearly, therefore, the order sustaining the demurrer in the first action rendered the matter *res judicata.*

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE WATTS, and ASSOCIATE JUSTICES BLEASE and CARTER, concur.

MR. JUSTICE COTHRAN (concurring in result) : I concur in the result upon this ground: The order of his Honor, Judge Johnson, sustaining the demurrer to the first complaint, was based upon the conclusion of law thus stated: "That the contract set out in the complaint does not guarantee to the plaintiff the payment of the amounts alleged to be due under the conditional sales contracts."

The order is sustainable either upon the ground that the conditional sales contracts were not notes, or admitting that they were notes, they were not notes upon which the dealer appears as maker, drawer, acceptor, or indorser, or that they were obligations which the dealer had guaranteed. It appears that all that the dealer did was to assign the obligations to the plaintiff; his assignment could not constitute an *indorsement,* nor is there anything outside or inside of the guaranty that the dealer had guaranteed the obligations. I think that the order means that, however considered, the plaintiff is not entitled to recover upon the obligations assigned. The transaction appears to have been loosely conducted and the guaranty clumsily drawn.

One would expect a note from the dealer to the Mortgage Corporation secured by an assignment of the contracts, in which case it would be a debt of the dealer to the corporation and covered by the guaranty; or that the contracts would have been guaranteed by the dealer, in which case it would have been covered. If the plaintiff could, in another action, or by amendment to the complaint in this action, supply these deficiencies, I do not think that the plea

of *res judicata* should prevail. It would be useless to reverse the order of Judge Purdy and send the plaintiff back to be slaughtered again. It has been held that a demurrer is conclusive only *upon the facts alleged*. See 34 C. J., 894; 2 Freeman, Judg. (5th Ed.), §§ 717, 744.

I think that the judgment should be affirmed without prejudice to the right of the plaintiff to amend the complaint if it be so advised and can truthfully do so, by supplying the deficiencies in the allegations of facts above indicated.