### Ex Parte A. A. Kennedy.

No. 1996. · Decided June 20, 1900.

**1. Sunday Law—Constitutional Law.**

Sunday laws are almost universally held constitutional as being within the police power of the State.

**2. Same—Barbers.**

The business of a barber in shaving, etc., his customers is a matter of convenience and not a work of necessity or charity, and such occupation comes within and is not excepted by the statute, article 196, Penal Code, prohibiting all persons from laboring on Sunday.

From Galveston. Original application to Court of Criminal Appeals for writ of habeas corpus for release from custody under a capias pro fine issued upon a justice's judgment for $10 and costs, in a prosecution for a violation of the Sunday law.

*Marsene Johnson* and *Newton J. Skinner,* for relator.

*J. S. Wheeless* and *Rob't A. John,* Assistant Attorney-General, for respondent.

HENDERSON, Judge.—This is a proceeding by original application for writ of habeas corpus, and brings in review the validity of article 196, Penal Code, it being claimed that it does not apply to barbers, as their business is a work of necessity. The statement of facts, which is agreed to, shows that relator, A. A. Kennedy, was the proprietor of a barber shop in the city of Galveston; that on Sunday, April 8, 1900, he had his barber shop open for business; that he shaved Louis Ricci, William Presler, and others; that he charged them the usual price of fifteen cents for shaving them. There are no other facts stated tending to show that any of said customers were laboring under any peculiar conditions suggesting a necessity for them to be shaved, other than as stated;

that is, we understand the bald question is here presented whether or not a barber, in the ordinary pursuit of his vocation, is in the discharge of a work of necessity. Sunday laws are almost universally held to be constitutional, as being within the police power of the State. In the language of Mr. Justice Field in Soon Hing v. Crowley, 113 United States, 710, 5 Supreme Court, 734, 28 Lawyers' Edition, 1147: "Sunday laws are upheld not from any right of the government to legislate for the promotion of religious observance, but from its right to protect all persons from the physical and moral debasement which comes from uninterrupted labor. Such laws have always been deemed beneficent and merciful laws, especially to the poor and dependent, and the laborers in all factories and workshops and in the heated rooms of our cities; and their validity has been sustained by the highest courts of the State." As to what is a work of necessity, 24 American and English Encyclopedia of Law, page 541, gives the following definition: "A work of necessity is not meant a physical necessity, but any labor, business, or work which is morally fit and proper to be done on that day under the circumstances of the particular case." And again: "The necessity must be a real, and not a fancied one. There must not be merely an honest belief on the part of defendant that the necessity exists, but the actual existence of the necessity must be shown. Nor does the exception embrace work which is merely convenient, but not necessary." And this definition seems to be adopted as applicable to our Sunday law in Hennersdorf v. State, 25 Texas Criminal Appeals, 597. And see, also, Nelson v. State, 25 Texas Crim. App., 599. Appellant contends that there is a necessity for a man to be barbered on Sunday, and that this perforce renders it necessary for some one to do the barbering for him; and he refers us to Commonwealth v. Waldman, 140 Pennsylvania State, 97, 21 Atlantic Reporter, 248, 11 Lawyers' Reports Annotated, 563, and other authorities, to support his contention. In the Pennsylvania case, supra, there are some expressions of the judge (not necessary to the decision, however) which may bear this construction. We may concede that there may be isolated cases which would suggest a necessity for a tonsorial artist, and the statutes of some of the States make an exception in favor of shaving a corpse. But we do not understand that to be the case here presented; the insistence being that a barber can ply his vocation on Sunday for the benefit of all customers; that it is necessary for their convenience; and that it is a work of necessity, so far as he is concerned. We might concede it would be a matter of convenience to many of his customers, but it would by no means follow that it would be a work of necessity as to the barber. We believe that our statutes, in authorizing a work of necessity on Sunday, meant something more than mere convenience. It apprehended that there must be some peculiar exigency which would authorize Sunday labor. It might be more convenient to a number of citizens to buy their groceries or dry goods on

Sunday, but this would not render it necessary for them to do so, when there are six days in the week in which they could provide these wants. It might be more convenient to the farmer in harvesting season to utilize all seven days of the week, but this would not make it necessary. Still there might be some occasions when the merchant would be authorized to sell some article of merchandise on account of necessity; and there might be an exigency for the farmer to harvest his grain on Sunday. And so it is with the trade of the barber. There are six full days in which the citizen can apply to the barber to have his hair cut, or shampooed, or his beard shaved; but this would not imply that there might not be an exigency in which the barber might use his tonsorial art for the benefit of some one who required his labor as a necessity. But unless there should occur some peculiar reason showing that under the circumstances in the particular case the attendance of a barber was a work of necessity, he would not be relieved from the operation of the statute. This is what we understand the court to have decided in Nelson's case, supra. In that case it was held that a blacksmith was authorized to shoe a horse on Sunday, in order to facilitate the carrying of the United States mail. But this could not be considered as authority to authorize a blacksmith to keep his shop open every Sunday, and during the entire day, in order to ply his vocation as a blacksmith. In Petit v. Minnesota, 20 Supreme Court, 666 (October term, 1899), though the exact question here discussed was not before the court, the question of necessity was explored and discussed, and a number of authorities are cited in accordance with the views herein expressed. And it has been held in a number of cases that the work of a barber is not one of necessity, so as to exonerate him from the operation of Sunday laws. We quote from 24 American and English Encyclopedia of Law, page 544, as follows: "The business of a barber in shaving his customers is a matter of convenience, and not a work of necessity or charity. Therefore it does not come within the exception." We accordingly hold that the ordinary vocation of a barber is not a work of necessity,—and that such occupation comes within the statute, as provided in article 196, Penal Code, prohibiting all persons from laboring on Sunday. While, in our advancing civilization, barber shops are required as necessary to the general public, yet this necessity can be responded to without infringing on the Christian Sabbath. As a general rule the barber labors more hours in the day than those following other vocations; their business generally being conducted into the night. Especially is this true of Saturday nights. We think it is a most reasonable police regulation, and one which should meet with the approval of their craft, to rest from their labors one day in seven. To hold otherwise would be to declare and single out the occupation of a barber as a work of necessity, and the result would be to open all the barber shops on this day. Our statute has not excepted barbers, and we do not feel authorized to ingraft

this exception on the Sunday law. Relator is accordingly remanded to the custody of the officer; and it is further ordered and adjudged that he pay all costs incurred in this court.

*Relator remanded to custody.*