Fred O. Grimes v. The State.

No. 4792.   Decided January 16, 1918.

1.—Sunday Law—Exemptions—Statutes Construed—Ejusdem Generis.

The exemptions in article 302, P. C., are not applicable where the information charged that defendant was a merchant, etc., and sold a quart of engine oil on Sunday, and therefore the rule of ejusdem generis does not apply. Besides, a garage and a livery stable could hardly be considered things of like or similar kind, but even if they were, under the allegations in the information, that he was a merchant, etc., he could not claim such exemption, as they would not be in the scope of his business.

2.—Same—Necessity—Charity—Rule Stated.

The exemptions contained in article 300, P. C., relating to works of necessity and charity are not contained in article 303, P. C., with reference to selling goods on Sunday, but even if such construction was a matter of doubt, the sale of oil under the circumstances was not shown to be necessary within the legal sense, and a necessity voluntarily brought about is no defense. Following Ex parte Kennedy, 42 Texas Crim. Rep., 148, and other cases.

Appeal from the County Court of Hill. Tried below before the Hon. R. T. Burns.

Appeal from a conviction of a violation of the Sunday law by selling goods, wares and merchandise; penalty, a fine of twenty dollars.

The opinion states the case.

*Thomas Ivy, J. D. Stephenson, Collins, Morrow & Morrow,* and *Clarke & Clarke,* for appellant.—Cited Ex parte Hennersdorf, 25 Texas Crim. App., 597, and cases cited in opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, Judge.—This prosecution is under article 302, Penal Code, which contains the following: "Any merchant, grocer, or dealer in wares or merchandise, or trader in any business whatsoever, or the proprietor of any place of public amusement, or the agent or employe of any such person, who shall sell, barter, or permit his place of business or public amusement to be open for the purpose of traffic or public amusement on Sunday, shall be fined not less than twenty nor more than fifty dollars." Article 303, making exemption from the operation of article 302, supra, is as follows: "The preceding article shall not apply to markets or dealers in provisions as to sales of provisions made by them before 9 o'clock a. m., nor to the sale or burial or shrouding material, newspapers, ice, ice cream, milk, nor to the sending of tele-

graph or telephone messages at any hour of the day, nor to keepers of drug stores, hotels, boarding houses, restaurants, livery stables, bath houses, or ice dealers, nor to telegraph or telephone offices."

The information charged that appellant was a merchant and a dealer in wares and merchandise and a trader in automobile supplies, and did then and there sell one quart of engine oil to Abner Bryant on Sunday. Appellant claims that he is exempt from the prohibition in article 302 under a provision of article 303, which exempts livery stables. The rule of ejusdem generis could have no application for the reason that that rule is effective only when there are general words following specific words. The general words are held to include things of like or similar kind. Cyc., vol. 36, p. 1119. In the exempting statute there are no general words, thus excluding the application of this rule. A garage, which is the modern substitute for the livery stable, is defined as a place for the care and storage of motor vehicles and in which such vehicles are kept for hire. Cyc., vol. 28, p. 42. A livery stable is a place where horses are groomed, fed and hired, and vehicles are kept for hire. Cyc., vol. 25, p. 1505. If it were conceded that owing to the fact that livery stables have become practically obsolete and garages have supplanted them, that the term garage should be read into the statute in lieu of the term livery stable, it would not follow that the appellant would be exempt under the statute because it is charged that he was a merchant and dealer in wares and merchandise and that he sold engine oil on Sunday. The occupation and acts in which he was engaged are not within the scope of the business of a livery stable keeper, nor the keeper of a garage so far as we have found them legally defined. A keeper of a garage or the keeper of a livery stable might also be engaged in the business of selling merchandise, and as such be liable for violation of the statute in question. It is suggested, however, that the sale in question was necessary and that this fact would constitute an exemption from prosecution. As a general rule, statutes regulating the observance of Sunday make exceptions in favor of works of necessity and charity. Cyc., vol. 37, p. 552. Our statute, art. 299, prohibits labor on Sunday, and article 300 provides exemptions, among which are the following: "Works of necessity or charity." The fact that this exemption is contained in article 300 relating to labor and is not contained in article 303 with reference to selling goods on Sunday is suggestive of the legislative intent to limit the exemption on account of necessity or charity to the things referred to in article 299 relating to working on Sunday and to have embraced in article 303 in a specific way the matters which were intended to be exempt from article 302. If such construction was a matter of doubt, it suffices, so far as the facts of the case in hand are concerned, to say that in our opinion the sale of oil under the circumstances mentioned in the bill of exceptions was not shown to be necessary within the legal sense. Ex

parte Kennedy, 42 Texas Crim. Rep., 148; Cyc., vol. 37, p. 552; Quarles v. State, 14 L. R. A., 192; Cyc., vol. 37, p. 554, and cases cited.

The law, article 303, expressly exempts from the prohibition, dealers in provisions as to sales made before 9 o'clock a. m. and also exempts drug stores. The emergency described is not shown to have been such as would have prevented the acquisition of oil from one of these sources. A necessity voluntarily brought about which could have been avoided by the exercise of ordinary discretion is not a defense, even in a case where the statute makes works of necessity a defense. Shipley v. State, 61 Ark., 216, 32 S. W. Rep., 489, 33 S. W. Rep.; 107; State v. Stuckey, 98 Mo. App., 664, 73 S. W. Rep., 735; Bucher v. Fitchburg R. Co., 41 Am. Rep., 216. Judge Henderson, in writing the opinion of this court in Ex parte Kennedy, supra, uses the following language: "We believe that our statutes, in authorizing a work of necessity on Sunday, meant something more than mere convenience. It apprehended that there must be some peculiar exigency which would authorize Sunday labor." In our opinion appellant's occupation was not included in any exemptions. From Cyc., vol. 37, p. 548, we quote the following: "Where the statute contains no exceptions, the nature of the business of defendant is immaterial, and the fact that it is a work of necessity, or charity, or that it is not unlawful in itself, constitutes no defense. In construing the statutory exceptions, the ordinary signification of the words used controls."

In our opinion, the judgment of the lower court should be affirmed, and it is so ordered.

*Affirmed.*