### 14428

ADDERTON v. AETNA CASUALTY & SURETY CO. *ET AL.*

(189 S. E., 736)

*A. F. Woods,* for appellants,

Messrs. *C. T. McDonald* and *G. Badger Baker,* for respondent,

February 4, 1937.

The opinion of the Court was delivered by MR. A. L. GASTON, Acting Associate Justice.

This case has been through various vicissitudes. The situation is shown in the order of this Court for a rehearing. The order is as follows, to wit:

"A curious situation has developed in this case. On the first hearing of the appeal Mr. Chief Justice Stabler wrote an opinion to the effect that the order of the trial Judge sustaining the demurrer to the first complaint, from which order there was no appeal, barred recovery on the amended complaint, and that the trial Judge erred in denying the motion to dismiss the amended complaint. Having reached this conclusion he did not determine, nor consider the other issues made by the exceptions, save that which pertained to the question whether the truck was being used to carry passengers for hire within the meaning of the policy when the collission occurred. As to that, he held that the testimony thereabout made an issue of fact for the jury.

"Mr. Justice Bonham wrote an opinion which dealt only with the matters relating to the effect of the amendments to the first complaint as referred to the order of the trial Judge sustaining the demurrer to the first complaint, and that which denied the motion to dismiss the amended complaint. He held that the amended complaint contained allegations

which showed that, under the provisons of the Code, the two defendants were necessary parties to the final determination of the action.

"Mr. Justice Fishburne concurred in the opinion of the Chief Justice, and Mr. Justice Carter in that of Mr. Justice Bonham. Mr. Justice Baker was disqualified. In consequence of this equal division of the Court, a reargument of the case was ordered and Hon. G. Duncan Bellinger, Judge of the Fifth Circuit, was assigned to sit with the Court in the stead of Mr. Justice Baker. He did not write a separate opinion, but concurred in the opinion of Mr. Justice Bonham, which thus became the majority opinion of the Court.

"The appellants have filed a petition for rehearing which brings to the attention of the Court that certain questions made by the exceptions have not been passed upon by either of the opinions. They are, of course, entitled to have these issues determined. The petition, therefore, for a rehearing is granted, and the case ordered set down for argument at the October, 1936, term of Court."

It is apparent at the outset two separate opinions have been filed, and it is desirable to avoid any repetition of the statements of fact, or the reasoning set forth in the two opinions, by Mr. Chief Justice Stabler and Mr. Justice Bonham, respectively.

According to the order granting a rehearing the case was reargued at the October term, 1936, of this Court. The Court was then composed of the Chief Justice, and Mr. Justice Bonham, Mr. Justice Fishburne, and the writer of this opinion. Mr. Justice Carter did not sit on account of illness, and Mr. Justice Baker did not sit on account of being disqualified.

The first ground for a rehearing is predicated on the proposition that the two defendants made separate contracts and not a joint contract with the insured, and that this is not an open question in the case, for the reason that the trial Court so held and no appeal was taken by the plaintiff from this

holding, and in consequence thereof it is the law of the case; and appellants now claim that the judgment below cannot be affirmed and that the Supreme Court, under the facts of this case, is precluded from basing a judgment of affirmation on the ground that the liability of the defendants was joint and that they made one contract and not two contracts. The real issue before the Court now is whether this action can be maintained against both defendants in one suit. Judgment was rendered in the County Court *in solido* for the sum of $1,500.00, for damages sustained by the plaintiff, to his automobile and for injuries to his person, in a suit against Coastal Oil Company and a Chevrolet truck, which caused the collision. It was necessary, under the law of this State, for the plaintiff to bring a single action for all of his damages to his person and his property caused by the collision. He could not split his case into two suit.s *Holcombe v. Garland & Denwiddie,* 162 S. C., 379, 160 S. E., 881; *Arthur Flickner v. Chevrolet Truck,* 178 S. C., 53, 182 S. E., 104; *First Carolinas Joint Stock Land Bank v. Mc-Niel,* 177 S. C., 332, 181 S. E., 21; *Lawton v. N. Y. Life Insurance Co.,* 181 S. C., 230, 186 S. E., 909.

It was, therefore, proper, necessary, and indispensable that the plaintiff recover all damages to which he was entitled by reason of his injuries and to recover judgment in one suit; and he could not maintain separate actions for the injuries sustained. This judgment was never paid by the Coastal Oil Company. The plaintiff then brought his suit against the defendants herein, upon his complaint alleging that the defendants were liable for the judgment by reason of their joint and concurrent policy of insurance. The defendants demurred to the original complaint, and the County Court sustained the demurrer and held that the liability of the two defendants is separate and not joint, and that the joinder of the causes of action in one complaint is not permitted under Section 487 of the Code 1932, since each cause of action does not affect both defendants. But the County Court

further ordered that the plaintiff be allowed to amend his complaint if so advised.

The amended complaint was thereafter served and alleged the liability of the defendants, for the judgment against the Coastal Oil Company and the Chevrolet truck, and contained new allegations charging both defendants with liability under the terms of the combined concurrent policy or policies of insurance, issued by them simultaneously, by their joint agent, upon the one offending truck owned by Coastal Oil Company for the payment of the judgment entered upon the verdict rendered in one lump sum for damages sustained to the person and property of the plaintiff, and which were not separately stated by the jury in the verdict; that both defendants were duly notified by the insured of the claim for damages and suit thereon, but they refused and failed to appear and defend, or have the judgment proportioned as to personal damages and as to property damages; that the defendants are fraudulently attempting to hinder and delay or defeat any legitimate claims or suits against them under their combined contracts; that the defendants are one and the same concern, or are owned and controlled by the same parties in interest and are operated together as one; and that, therefore, both defendants are liable for the payment of the one judgment, as between themselves for their respective share or part thereof, and are proper, necessary, and indispensable party defendants for a complete determination of this controversy.

Both defendants served identical motions to dismiss the amended complaint upon exactly similar grounds, that the two defendants cannot be sued jointly and the order of the County Court to that effect has become *res adjudicata;* and that the purported amended complaint is inconsistent with the order of Court sustaining the demurrer to the original complaint.

The County Court overruled these twin motions, in one single order, holding that the order sustaining the duplicate

demurrers to the original complaint was a final determination of all questions raised by the allegations of the original complaint, but is not *res. adjudicata* as to the new allegations, which show that the presence of both defendants is necessary to a complete determination of the rights of all parties to the controversy, and to save a multiplicity of suits; and the defendants were allowed twenty days within which to answer.

Dual answers were filed by the two double defendants, and each answer is a duplicate of the other, with absolutely the same defenses couched in the same language, except as to the name of the answering defendant, which varied sufficiently to designate the difference in name of each.

On the trial of the case, at the close of plaintiff's testimony, the attorneys for the defendants moved for a nonsuit and stated that "the grounds on which I base my motion, made for each defendant separately and in writing are as follows:"

(1) There is no evidence to establish a joint liability.

(2) The testimony shows that several causes of actions have been improperly united.

(3) If some kind of liability has been established against this defendant, the amount is not established by any testimony.

(4) There is a total failure of proof of any judgment in favor of plaintiff against the person indemnified and to whom the alleged policy of this defendant was issued.

(5) It affirmatively appears that the former action was dismissed as to the person insured under the policy of this defendant and no cause of action can accrue to the plaintiff in this suit.

(6) There is a total failure of any testimony to show any legal judgment in favor of the plaintiff in the former suit, but only a verdict of a jury.

(7) There is a total failure of any testimony to show that any verdict of the jury or judgment, if any, in a former action included in it damage for which this defendant is liable under its indemnity policy, and

(8) The testimony shows that the offending truck was used for a purpose not covered by the policy, to wit, carrying passergers for hire and there is no evidence of waiver. The motion for a nonsuit as to each defendant, which was stated sirgly, although applied separately, was overruled. The defendants offered no testimony and made a motion for a directed verdict, as a separate motion by each defendant upon the same grounds stated in the motion for nonsuit. On plaintiff's motion the Court directed a verdict in his favor for the total amount claimed.

Appelants insist by the exceptions and by the grounds of the petition on which the rehearing was granted that the defendants made separate contracts; therefore, cannot be sued jointly. It is true that the Court below consistently held that the two contracts were severable and not joint. However, the Court clearly held that under the allegations of the amended complaint the presence of both defendants is necessary to fully determine the rights of the parties, and that the absence of either of the defendants would render it impossible to do so even if the plaintiff should resort to two separate causes of action against them. He also further held that it was his duty to direct a verdict for the full amount and that then the defendants could come on the equity side of the Court and ascertain how much each of them is liable for in this suit. The Court was correct in its rulings on this point, and the exceptions thereto should be overruled. The two policy contracts contain the following stipulations and conditions, to wit:

"X. Suit against Company. No action shall lie against the Company to recover for loss and/or expense under this policy arising or resulting from claims upon the Assured for damages, unless it shall be brought for loss and/or expense, whose amount shall have been definitely determined by final judgment after trial of the issue or by agreement of the parties with the consent of the Company."

"VII. If claim for damages is made or suit at law is brought the Assured shall forward to the Company every Demand, Summons, Notice or other process as soon as the same shall have been received by or served on him, the Company will, at its own cost, adjust such claim or defend such suit in the name and on behalf of the Assured or other person entitled to benefit hereunder. The Assured shall co-operate with the Company at all times in facilitating the investigation and disposition of claims and suits but the Assured shall not voluntarily assume any liability nor incur any expense nor settle any claim except at his own cost wihout the written consent of the company previously gien, except that in case of injury to the person of another, the Assured may provide at the Company's expense such inmediate surgical relief as is imperative at the time of he accident."

The foregoing stipulations are a part of the general conditions and are made by the terms of the policies applicable to the policies issued severally by the defendants. It is clear, therefore, that each defendant well knew that these conditions applied to both defendants, and it is further clear that each defendant well knew that under the law of South Carolina any suit brought against the assured under the two policies for injuries caused to the person and property of another by reason of a collision with the Chevrolet truck described in the insurance policies must be brought in one action and could not be maintained in separate suits. The insurance contracts, therefore, were made as a matter of aw subject to and in contemplation of these decisions of this Court, because the defendants could not enter into any contract in this State which is contrary to the law of this State.

The testimony shows conclusively that when the first suit was begun by the plaintiff herein against the assured and the offending truck that the summons and complaint were served personally on the defendants in that suit who deliverd them to the agent of the two Aetna Companies, appellans

herein; and that these companies wrote one letter to their insured and denied liability on the ground that the truck was being used for carrying passengers for hire. The appellants, therefore, refused to defend the first suit. It was their right under the policies to defend this suit and to demand that the verdict of the jury state or show separately the amount of the damage sustained by the plaintiff to his property and the amount sustained by him to his person. The defendants voluntarily relinquished this known right on their part after full notice of every fact and circumstance in regard to the whole matter and, of course, waived their rights to object to a lump sum verdict. The letter referred to reads in part thus:

"In other words, we feel that the use of the truck at the time of the accident in the transporting of persons for a consideration which is sufficient to relieve us from liability on account of the above mentioned accident. Under separate cover we are forwarding to you copies of statements secured from witnesses which we feel will be of benefit to you in the defense of any claims or suits brought in connection with the accident. We are returning copy of summons and complaint which you gave to our Mr. Holmes, Adjuster.

"Yours very truly,
"Aetna Life Insurance Company,
"Aetna Casualty & Surety Company,
"By: H. A. Boren, Adjuster.
"MAH-HA.Boren."

I am satisfied, therefore, that the present suit can and should be maintained against both defendants and that the Court below ruled correctly and properly on this issue.

This conclusion is based upon the issues made by the pleadings, and upon the record in the case. It follows fairly from the facts in the case, the appellants cannot complain as to the failure of the jury to render a separate verdict when the appellants failed to defend the suit, and made no motion for a separate statement of the causes of action.

*Miles v. Thrower,* 181 S. C., 392, 187 S. E., 818, filed October 7, 1936.

The next issue raised by the exceptions is based on the theory that no judgment was proved, but only a verdict of a jury, as the basis for the present suit. It seems sufficient in response to this to say that the verdict rendered established the liability of the Aetna Companies to suit on their contracts of indemnity insurance. In addition to this, the record shows that a motion for new trial was made and refused; notice of appeal was served and an order of the Court below duly made dismissing the appeal, for failure to perfect same.

The testimony of the plaintiff, as a witness, shows also as follows:

Plaintiff offers in evidence judgment roll No. 10595:

"Q. How much has been paid on this judgment? A. Sixty-five ($65.00) dollars, I think.

"Q. That was the result of an execution given the sheriff of Horry County of the transcript of judgment? A. Yes, sir.

"Q. Did the sheriff levy and sell some of the Coastal Oil Company's property? A. Yes, sir."

It must be remembered that the appellants offered no evidence. Most surely this is ample proof of the final determination of the first suit, before the suit at bar was begun against the appellants upon their indemnity obligations. The plaintiff, as a third party, has the right to sue on such indemnity contract made for his benefit after his remedy against the insured has been exhausted. *Andrews v. Poole et al.* (S. C.), 188 S. E., 860, filed December, 1936.

Appellants say further that the judgment, if any, in the first suit was not against the assured, but against Coastal Oil Company as a corporation.

The name and residence address of the assured is stated in the policies, to be "H.—W. Tallevast d-b-a- Coastal Oil Company, agents for The Texas Co., of Conway, Horry

Co., S. C.," and insured two Chevrolet trucks, fully designated by year, tonnage, serial and motor numbers.

These policies were in force when the damages were sustained. The policies also recited that the signature of the assured was correctly affixed to the application. There was no mistake as to the identity of the assured, nor as to the coverage of the offending truck.

The first suit was against W. H. Tallevast, the Coastal Oil Company, a corporation, and Chevrolet motortruck, S. C. license No. 4098 et al. This is the suit appellants refused to defend.

The evidence shows that W. H. Tallevast testified for plaintiff herein as follows:

Direct examination by Mr. C. T. McDonald:

"Q. Mr. Tallevast, where do you live? A. Conway, Horry County.

"Q. Is the Coastal Oil Company a corporation of the State of South Carolina? A. Yes, sir.

"Q. What office do you hold in that corporation? A. President and Manager.

"Q. Did you hold that position during the month of June, 1933? A. Yes, sir.

"Q. Was Mr. H. C. Tallevast an employee of the Coastal Oil Company? A. Yes, sir.

"Q. Did you or the Coastal Company about June, 1933, own a Chevrolet 1929 Model truck? A. Yes, sir.

"Q. What is this Mr. Tallevast (giving him a paper)? A. Property damage and liability insurance policy that we had on that truck.

"Q. Was that insurance in force at the time, June 30, 1933? A. Yes, sir.

(Exhibit: Plaintiff offers this policy of Ætna Casualty Automobile policies in evidence, No. J. A. 3808690, marked Pltfs. Ex. 2.)

"Q. Who did you buy that policy from? A. I think it is D. A. Spivey & Company, W. B. King was manager.

"Q. Did you have any conversation with him? A. I just asked him, as I had been doing for the past five (5) or six (6) years to cover my truck with a policy, with liability in the policy and property damage policy and that is the policy he mailed me. That is the policy I paid him for."

Re-cross examination by Mr. Woods:

"Q. I neglected to ask you this—this truck belonged to the Coastal Oil Company? A. Yes, sir.

"Q. It did not belong to you personally? A. No, sir.

"Q. You, personally, had no interest in it? A. I had interest in it as owner of the Coastal Oil Company.

"Q. As owner of the stock? A. Yes, sir; and as manager.

"Q. What was your connection with the Coastal Oil Company? A. President and Manager."

It also conclusively appears that W. H. and H. W. Tallevast are one and the same person, and that the policy used the letters d–b–a to mean "doing business as" Coastal Oil Company. This beyond question designates Coastal Oil Company as the assured, regardless of whether it be a trade-name, or a corporation, conducted by Tallevast. The Court below correctly held that the policies were intended and did indemnify Coastal Oil Company. A nonsuit as to Tallevast was granted.

The appellants' last theory is that the truck was being used at the time of the accident to carry passengers for hire, a hazard not covered by the policies, and that this issue should have been submitted to the jury by the Court below.

The Court below correctly held that the mere fact of some testimony that the truck while operated in its legal business was incidentally carrying CCC boys who paid the driver of the truck compensation for his service did not raise a jury issue.

The truck certainly was not engaged for hire by the owners to carry passengers, but was sent from Conway to Florence to haul 10 barrels of oil from the Texas Company's

plant, and at the time of the accident was traveling very slowly, at night on the Florence-Darlington Highway, about four miles beyond Florence, near the home of Wooten, sub-agent of the Texas Company, where the driver of the truck expected to stop to see Wooten before he went further with the CCC boys who were on the truck.

No claim for damages is made by any of these boys, and Coastal Oil Company and Tallevast received no money for carrying them. This does not raise a jury issue, as there is not a scintilla of evidence to the contrary. No other reasonable inference could be had upon the evidence, and there was no evidence to the contrary to sustain a verdict. Both sides asked for a directed verdict, and the defendants offered no testimony. It was proper, therefore, for the Court to decide the legal issues. *Fourth Nat. Bank v. City of Greenville,* 91 S. C., 81, 74 S. E., 126.

Therefore, the Court being evenly divided, the judgment below is affirmed.

MR. JUSTICE BONHAM concurs.

MR. CHIEF JUSTICE STABLER and MR. JUSTICE FISHBURNE dissent.

MR. JUSTICE CARTER did not participate.

MR. JUSTICE BAKER disqualified.

MR. JUSTICE BONHAM (concurring) : The Chief Justice has written a strong opinion in this case, and has cited precedents in support of it. I am somewhat of a stickler for following established precedent, but I am constrained to the opinion that in this case a too rigid adherence to precedent will sacrifice the substance to the shadow. I may invoke the Apostle's admonition that "the letter killeth but the spirit giveth life."

To the first complaint the defendants separately demurred, mainly upon the ground that plaintiff depended for recovery upon a joint liability of the two defendants, whereas the facts stated in the complaint showed that the liability of the two defendants was a several and not a joint liability.

The trial Judge sustained the demurrer, and gave plaintiff leave to amend his complaint. From the order sustaining the demurrer there was no appeal.

To the amended complaint the defendants separately interposed a motion to dismiss the amended complaint on the grounds that "it has already been determined in this suit that the two defendants cannot be jointly sued and the order to that effect is *res adjudicata*.

"That it has already been determined by the Court in this suit that plaintiff cannot maintain a joint action on account of the matters and things set forth in the purported amended complaint—and such determination has become *res adjudicata*. That the purported amended complaint is inconsistent with the order of the Court sustaining the demurrer to the original complaint and it does not conform to the permission to amend the complaint."

The Court overruled the motion to dismiss the amended complaint.

In the order to this effect, Judge Sharkey has succinctly and clearly stated the facts out of which the litigation grew, and the matters which, in his opinion, differentiate the amended from the original complaint, as follows:

"The following is a statement in substance of the allegations set forth by plaintiff in his original complaint: The corporate capacity of each defendant; the issuing to Coastal Oil Company of the two policies which he fully describes and which he designates as 'their joint and concurrent policy of insurance'; the right provided for therein for a direct action against the Insurance Companies by any person obtaining final judgment against Coastal Oil Company, under certain conditions; the occurrence of the collision referred to and the resultant injury to plaintiff and his automobile; the insitution of the suit against Coastal Oil Company; the recovery of judgment and the return of execution issued thereon wholly unsatisfied with the exception of the $65.00 credit above mentioned. On these allegations plaintiff asked

for judgment against both defendants for the balance remaining due on the judgment. * * *

"In the exercise of his right plaintiff served an amended complaint, and it contains in addition to the allegations set forth in the original complaint, the following statements which are embodied in paragraphs 10 to 14 inclusive:

"That the action against Coastal Oil Company was a suit for damage to plaintiff's automobile and for damage to his person; that the amount of the personal injury damage and the amount of the property damage were not separately stated in the verdict of the jury—the verdict being in the following form: 'We find for the plaintiff actual damages in the sum of $1,500.00'; that both defendants are necessary parties for a complete determination of this controversy 'as this action is brought upon the judgment to have same paid under the insurance, and the defendants together are liable for payment of this judgment in full'; that the judgment is for both personal injury and property damage, the respective amounts not being separated in the verdict of the jury; that the two defendants are liable as between themselves for their respective shares of the judgment; that the amount each of thm should pay is unknown to plaintiff; that both are interested in payment of the judgment and both are necessary parties for a complete determination of the controversy; then follows certain allegations purporting to show that the defendants acted jointly in issuing the 'policy,' and that if their joint action in the premises does not render them jointly liable, their conduct amounted to fraud; that plaintiff prior to said trial had no knowledge of the existence of the insurance; that he is informed that Coastal Oil Company notified each of the defendants of the claim being made by the plaintiff, sending each of them copies of the summons and complaint in the aforesaid suit, but that neither of them appeared or defended said action."

Commenting upon the two complaints and the action of the Court thereabout, he said:

"I am still of the opinion that the liability of the defendants, if any, is several and not joint, and that the allegations of the original complaint were insufficient to show that both defendants were necessary parties to the action.

"The order sustaining the demurrers was a final determination of all questions raised by the allegations of the original complaint, to this extent the defendants' position is sound; but it is also true that that order is not *res adjudicata* as to any issue created by allegations of new matter contained in the amended complaint. It seems to me that in this amended complaint plaintiff has supplied the essential allegations (which were lacking in his original pleading) to show that the presence of both defendants is necessary to a complete determination of the rights of all parties to this controversy."

The insurance policy in this case (mark you it is *policy*, not *policies*) is written upon a continuous sheet; the Ætna Casualty & Surety Company insured the Coastal Oil Company against property loss and damage and the Ætna Life Insurance Company insured the Coastal Oil Company against bodily injuries or death. All of this is in the one policy; all under the same date, issued by the same agency, there was but one premium, partitioned between the two companies as stated in the policy; upon the reverse side of the policy is this statement: "Ætna Casualty Automobile Policies—J. A. 3808690." A rider in the policy describes the insurance contracts thus: "Combined automobile insurance issued severally by the Ætna Life Insurance Company and the Ætna Casualty & Surety Company." The following statement appears upon the policy:

"A. In addition to the limits of liability on account of claims for damage to the property of others (for injuries to persons), the Company shall also pay the expense of litigation and all costs taxed against the Assured in any legal proceeding defended by the Company together with all interest accruing after entry of judgment up to the date of payment

by the Company of *its share* of the judgment." (Italics added.)

To my mind the evidence is conclusive that these two defendants made a joint contract with the insured. It was legal for them to do so. They elected to combine in the one contract of insurance and were careful to define the separate liability which each of them assumed; that was a part of the contract between them, just as the amount of the joint premium was divided between them.

It seems to me that to permit the defendants now to set up a several liability is to enable them to escape liability for which they were paid.

It is the accepted rule of law that in such cases the contract is to be construed most favorably to the insured.

The argument for the appellants is that the matter is made *res adjudicata* by the order which sustains the demurrers to the original complaint. In his order overruling the motion to dismiss the amended complaint, Judge Sharkey points out that the amended complaint contains allegations not contained in the original complaint which show that, even if it be conceded that the liability of the defendants is several and not joint, there are disclosed conditions which bring the case directly in the purview of Section 404, Vol. 1, of the Code, 1932, because the action is brought upon the judgment recovered against Coastal Oil Company for damages to person and to property against both of which these defendants by their joint combined contract have insured plaintiff.

Section 404 provides that: "Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, *or who is a necessary party to a complete determination or settlement of the questions involved therein.*" (Italics added.)

The provisions of Section 409 of the Code are even more mandatory. That section directs that: "When a complete determination of the controversy cannot be had without the

presence of other parties, *the Court must cause them to be brought in.*" (Italics added.)

In the judgment of Judge Sharkey, and it was in his discretion to determine, the new allegations made it his duty to make both these defendants parties to this action. He finds and holds in his last order that these allegations are not made *res adjudicata* by the order sustaining the demurrers to the original complaint.

The case of *Holcombe v. Garland & Denwiddie,* 162 S. C., 379, 160 S. E., 881, 883, is not in strict analogy with this case in so far as the facts go, but the principle therein announced is in accord with it. In that case plaintiff brought action to recover damages for injury to his wagon caused by collision with the defendant's truck. He recovered on this cause of action and then brought action to recover for personal injuries growing out of the same collision. This Court denied him the right of recovery in the second action, and adopted the rule laid down in the several cases cited in that case, to wit: "We therefore hold that for a single wrongful or negligent act which injuries both his person and his property, an individual has but a single cause of action."

My summary of the situation in the case now before the Court is this: The plaintiff has established judicially his right to recover for the damages he sustained in the collision with the person, or corporation, for whom the defendants are surety. The principal proves to be insolvent and plaintiff cannot collect his judgment from him. He now brings suit against the sureties; one of whom stands committed to make good his damage to his property and the other the injury to his person. If he had sued them separately, would they not have demurred on the ground that there was but one cause of action, and that grew out of the collision, therefore he must unite them in one action? I think that he was bound to sue them jointly. They had elected to join in one insurance contract in which they stated that for which each of them stood bound. It was a bipartite contract; the Coastal Oil

Company of the one part, and the Ætna Casualty & Surety Company and the Ætna Life Insurance Company, jointly, of the other part. The similarity of names indicates the close relationship between the defendants. Both of them are not only proper but necessary parties to the full and final determination of the case.

It was within the discretion of the trial Judge under the provisions of Section 404, and mandatory under Section 409, to make them parties defendant in the one action.

The trial Judge has found, and so holds, that the order sustaining the demurrer to the original complaint applied only to the allegations of that complaint; that the amended complaint contained allegations of other facts which distinguish it from the original complaint which set it apart from the application of the rule of *res adjudicata*. In this I think he is right. The judgment is affirmed.

Mr. Chief Justice Stabler (dissenting) : On June 24, 1933, Ætna Life Insurance Company issued its indemnity policy to H. W. Tallexast, doing business as Coastal Oil Company, agents for the Texas Company, insuring against loss and expense resulting from claims upon the assured on account of property damage caused by reason of ownership or operation of a certain automobile truck described therein; and concurrently therewith Ætna Casualty & Surety Company issued its policy, indemnifying the oil company against loss or expense on account of bodily injuries suffered by any claimant resulting from the insured's ownership or operation of the same motor vehicle. The policies bore one number, were countersigned by the same agent and issued on one application, and were written on one continuous sheet of paper, to which was attached a rider designating the amount of liability assumed by each company.

On June 30, 1933, the truck described in the contracts of insurance, while being driven by one George Nofal, an employee of the insured, and on which about twenty boys were

riding at the time, collided with an automobile owned and operated by the plaintiff, W. R. Adderton. Thereafter Adderton sued the oil company and the truck for $3,000.00 on account of alleged damage to his car and personal injuries to himself resulting from such collision. The jury returned a verdict in a lump sum for $1,500.00 actual damages. Execution was then issued, and the property of the oil company was levied upon and sold and the proceeds were applied to the judgment, leaving an unpaid balance of $1,481.85.

As nothing further could be collected from the insured, Adderton sued the two insurance companies jointly, his action being based upon certain provisions of the policies. The defendants interposed separate demurrers to the complaint, which were sustained by Judge Sharkey; the plaintiff then filed, as allowed by the Court, an amended complaint, which the defendants separately moved to dismiss. The motions were denied, and the companies thereupon made separate answers, setting up various defenses. On trial of the case the resquests of the defendants for a nonsuit and for a directed verdict were denied, the Court instructing the jury to find for the plaintiff.

The appellants impute error to the trial Judge as follows: (1) In overruling defendant's motions to dismiss the amended complaint; (2) in refusing their motions for a nonsuit and for a directed verdict; (3) in ruling that there could be a general verdict for plaintiff in one lump sum against both defendants, and in so directing a verdict; (4) in construing the policies of insurance which were the basis of plaintiff's action; and (5) in directing a verdict for the plaintiff on the ground that there was no issuable fact for submission to the jury.

In regard to question (1), the plaintiff, as we have stated, sued the two insurance companies jointly. The grounds of the defendants' demurrers were (1) that the facts stated "affirmatively show that there is (as between the two

companies) no joint liability," but that the "liability, if any, of the two defendants is several"; and (2) that it appears on the face of the complaint that several causes of action are improperly united. The Judge of the Civil Court, upon consideration of plaintiff's allegations, held as follows: "It being apparent from the complaints that the liability, if any, of the defendants in each case is several and not joint, and that the joinder of these several causes of action in one complaint is not permitted under the provisions of Section 487, Code 1932, since each cause of action does not affect both defendants, it follows that the demurrers must be sustained."

No appeal was taken from this order. The plaintiff, however, alleged in his amended complaint, in addition to the matter already pleaded, that Adderton had no knowledge, prior to the trial of the case in which the Coastal Oil Company was defendant, of the existence of the insurance polices; that he was informed that the assured sent both companies a copy of the summons and complaint in that action, but that neither of them appeared at the trial or made any defense whatever; that the judgment obtained against the Coastal Oil Company contained no stipulation as to the amount awarded for personal injuries or property loss, and that, therefore, he did not know the amount each of the companies should pay, but that both defendants are necessary parties for a complete determination of the controversy, they being together liable for payment of the judgment in full.

The defendants' motions to dismiss the amended complaint were made on the grounds (1)·that it had already been determined in the suit that the two defendants could not be jointly sued, and (2) that the plaintiff had no joint cause of action against the defendants, all of which had been passed upon in the Court's order sustaining the demurrers, and that such determinations had become *res adjudicata*. In disposing of these motions, Judge Sharkey, after reviewing the allegations of the two complaints, said:

"I am still of the opinion that the liability of the defendants, if any, is several and not joint, and that the allegations of the original complaint were insufficient to show that both defendants were necessary parties to the action.

"The order sustaining the demurrers was a final determination of all questions raised by the allegations of the original complaint, and to this extent the defendants' position is sound; but it is likewise true that that order is not *res adjudicata* as to any issue created by allegations of new matter contained in the amended complaint. It seems to me that in this amended complaint plaintiff has supplied the essential allegations (which were lacking in his original pleading) to show that the presence of both defendants is necessary to a complete determination of the rights of all parties to this controversy. The only reasonable conclusion to reach, under all the circumstances, is that the absence of either of the defendants would render practically impossible a complete determination of the rights of all parties in interest, even if the plaintiff should resort to two separate actions against them. In addition, a multiplicity of suits will be prevented by maintaining the present action against both defendants. This doctrine has been applied by our Courts in a great variety of cases, and I am convinced that the instant case is one to which it is peculiarly applicable."

The appellants argue that this was error, for the reason that it had been as definitely determined as possible by the order sustaining the demurrers that the causes of action based on the two contracts made with different companies and insuring against different hazards cannot be joined in the same complaint, that is to say, the defendants could not be sued jointly on the policies.

In support of his position, the respondent claims that the appellants, as shown by their contracts, have such a close relationship and such a privity of interest in the subject-matter of the suit that the plaintiff should not be required to separate them and be put to the trouble and expense of two

suits; and that, in view of this privity of relation and mutual interest in the controversy, the absence of either company would render impossible a complete determination of the rights of all parties in interest. In short, that such determination could not be had in separate actions. For this reason it is contended that the joinder of these defendants is permitted under Section 404 of the Code of 1932.

Was there error of law, under the facts stated, in refusing the motions?

In *Mortgage & Acceptance Corporation v. Broadwell*, 153 S. C., 67, 150 S. E., 345, this Court, in passing upon a similar question, quoted the following from *Duke v. Telegraph Company*, 71 S. C., 95, 50 S. E., 675, 677: "The principle deducible from the authorities is that a judgment sustaining a demurrer is a bar to a seond action on the same facts, but, when the complaint in the second action supplies the allegations that rendered the first complaint demurrable, it is not *res judicata*."

In *Hodge v. Lumber Corporation*, 90 S. C., 229, 71 S. E., 1009, it was said:

"In *Duke v. Tel. Co.*, 71 S. C., [95] 101, 50 S. E., 675, the Court ruled that a judgment dismissing a complaint on demurrer, because of the *omission* of an allegation essential to the cause of action, does not bar a second action in which the necessary allegation is supplied. The reason is that the merits of the case, as disclosed in the second action, were not heard and decided in the first.

"But the authorities cited by the Court in that case recognize this distinction: That where the complaint is dismissed, not because of the *omission* of a material allegation, but because of the *affirmation* therein of facts which show that plaintiff is not entitled to recover, a second action is barred, because the first was necessarily a decision upon the merits."

We have given much thought and consideration to the question stated, and are of opinion, as held by Judge

Sharkey, despite the form and manner in which they were issued, that the policies of insurance sued upon, which definitely fix the amount and kind of liability of each company, are separate and distinct contracts. Under the allegations of the original complaint, the Court was, therefore, undoubtedly correct in sustaining the demurrers on the ground that the liability of the defendants was several, and not joint, and that the joinder of the causes of action in the complaint was not permissible. And, even if the additional allegations contained in the amended complaint, to the effect that the presence of both defendants was necessary to a complete determination of the rights of all parties to the controversy had been incorporated in the original complaint, the sustaining of the demurrers would still have been proper, as these allegations do not show a joint liability. It seems clear, therefore, that the demurrers were sustained, not because of the *omission* of allegation essential to the cause of action stated, but because of the *affirmation* of facts alleged in the original complaint, which showed that the plaintiff was not entitled to recover, as was sought to be done, on a cause of action alleging joint liability of the defendants. It follows that this determination by the Court, from which there was no appeal, because *res adjudicata* under the case of *Hodge v. Lumber Corporation, supra.*

The fact that it is made difficult, by reason of the prior proceedings to which the insurance companies were not parties, to now separate in a complaint against both companies the amount of damages suffered from personal injury and that suffered from property damage, does not change the liability of the defendants from a sereval to a joint liability. Nor does the rule against multiplicity of suits control or affect the situation, as contended by the respondent. The Court finds itself unable, therefore, in the present appeal, as much as it might like to do so, to untangle the complications—whatever blame may attach to the defendants for the existing confusion—which have arisen by reason of

the verdict for a lump sum found by the jury in the case against the oil company, without doing violence to well-settled principles of law. Certainly, these principles may not be changed to aid the plaintiff in establishing his claims against the defendants in the action here brought, although they may appear to be just. However, he is not barred from bringing separate suits against these companies, despite the verdict for a lump sum given him against the insured. Clearly, in such separate actions the jury could determine, fix, and declare, upon testimony presented, the amount of damages suffered from property loss and that suffered from personal injuries. This assignment of error is sustained.

While the conclusion reached makes it unnecessary to consider the other questions presented by the appeal, we deem it proper to say that the testimony made an issue of fact for the jury as to whether the truck was being used for carrying passengers for hire, within the meaning of the policies, at the time the collision occurred.

The judgment of the Civil Court of Florence is reversed and the complaint dismissed.

After the first hearing of the appeal in this case, this opinion was written as the opinion of the Court, and was concurred in by Mr. Justice Fishburne. Two additional hearings were thereafter had, at the last of which three justices of this Court and Acting Associate Justice Gaston sat. Judge Gaston has written an opinion in which he holds that the appeal is without merit. In this opinion Mr. Justice Bonham concurs. The Court being evenly divided, the judgment of the Court below is accordingly affirmed, without the decision becoming a precedent, and this opinion is filed as a dissenting one.

MR. JUSTICE FISHBURNE concurs.