14773

SMITH v. HARMONIA FIRE INS. CO. OF BUFFALO, N. Y.

(199 S. E., 698)

*Messrs. Charles M. McTeer, Donald Russell* and *Rufus M. Ward,* for appellant,

*Messrs. Hamilton, Gaston & Hamilton,* for respondent,

November 18, 1938.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This action was instituted by the respondent to recover of the appellant under the terms of a certain policy of automobile insurance, which policy specifically excluded respondent's right to such recovery if the accident occurred while the automobile was being used as a public livery conveyance for carrying passengers for compensation.

It is not in dispute that respondent's a u t o m o b i l e, insured as above stated, was in an accident and badly damaged, and that at the time of the accident the automobile was carrying a transfer or taxi license, the only kind of license respondent had applied for and received from the State Highway Department; that at the time of the accident respondent was en route from Winnsboro to Newberry for the purpose of witnessing a ball game, and was transporting six other people from Winnsboro to Newberry for the same purpose, charging and collecting from them thirty-five cents apiece to cover the cost of the gasoline consumed on the trip. Respondent's regular employment was that of a mill hand, and he purchased a taxi license for his automobile for the reason that he hauled five other employees of the mill "back and forth to the mill" charging them each fifty cents a week, or a total of $2.50 per week for all of them. On one occasion, respondent had rented the insured automobile on a "U-Drive-It" basis, and had been using the car as a taxicab "a little bit."

During the trial of the case, appellant made motions for a nonsuit and directed verdict, which motions were refused. Upon the issues submitted to the jury, a verdict was rendered in favor of respondent, and a motion for a new trial was made and refused. Thereupon judgment was entered.

From the judgment thus entered and the order refusing a new trial, an appeal was' taken to this Court.

While the exceptions cover a wide range, in our view of the case, it is unnecessary to pass upon but two issues; (1) Under the undisputed facts, an the exclusion clause in the policy reading "while the automobile is used as a Public or Livery conveyance for carrying passengers for compensation," was the wrecked automobile insured at the time of the accident; and (2) was there sufficient testimony to require the trial Judge to submit to the jury the question of waiver of the exclusion provision in the policy?

As stated in appellant's brief, the respondent's cause of action is predicated upon an insurance contract, and he must either recover upon that contract or not at all.

In passing upon the first issue hereinbefore stated, an intermediate issue must be first settled. Where there is no conflict in the testimony, and the defendant relies upon a written contract—the contract upon which the plaintiff's cause of action is predicated—is it not a question of law to be determined by the Court if the contract is not ambiguous and is a bar to a recovery?

It is elementary that it is the duty of the Court to construe a written contract when the action before the Court is bottomed upon such contract. When there is a conflict in the testimony as to the facts, it becomes the duty of the trial Judge to submit the factual issue to the jury to be applied to the law as he construes the terms of the contract are ambiguous, and are not clear, and capable of one or another construction, then what the parties intended should be submitted to the jury. However, in the instant case, there is no ambiguity. The contract provides that it will not be effective "while the automobile is used as a public or livery conveyance for carrying passengers for compensation;" and there is no dispute as to the facts. Hence, it was a question of law, and there was no issue to be passed upon by a jury.

We now come to the principal question. Under the facts as hereinbefore detailed, was the policy of insurance suspended at the time respondent's automobile was wrecked? Stated in another way, was the automobile being used as a public or livery conveyance for carrying passengers for compensation at the time of the accident?

There is no issue in this case as to the reasonableness of the exclusion provision in the contract of insurance, nor is there any issue as to the "causal connection." However, it has been almost uniformly held that a breach of the provision in an insurance policy against carrying passengers for hire, constituting, as it often does, a promissory warranty or condition subsequent, avoids or suspends the policy, in the absence of waiver or estoppel. See annotation, 95 A. L. R. at page 151.

There is a line of decisions holding that, in order to effect a breach of a condition avoiding the policy if the insured automobile be used for the carrying of passengers for hire, there must be such a use as amounts to making a business of so using the car, and that it was never contemplated that the casual use of it for such purpose would work a forfeiture of the policy. However, it should be noted that in such cases the policy provided that if the car be used for the carrying of passengers for hire, it would become null and void; whereas, in the instant case, the policy is merely suspended while the car is being so used, it being specifically provided therein that "This policy does not cover: (1) While the automobile is used as a Public or Livery conveyance for carrying passengers for compensation."

We have read the testimony in this case with great care, and are unable to find that a reasonable inference can be drawn therefrom that the six persons being transported from Winnsboro to Newberry were being so transported merely as paying guests. In other words, all of the facts and circumstances point in the opposite direction. Respondent had on his automobile a livery or taxi li-

cense, the only license which he possessed. He used this car for the carrying for hire five of his co-workers in the cotton mill back and forth to work. He had on one occasion rented his car on the basis of the "U-Drive-It" system, and had been using the car as a taxicab "a little bit." He was going to a ball game at Newberry, and agreed to transport and was transporting six persons to the ball game at the time of the accident, for compensation, thirty-five cents each. It is true that respondent testified that this merely covered the gas and oil, but regardless of the amount of compensation he was receiving, he was doing with the car exactly what the appellant was guarding against when it wrote him a policy excluding liability under these circumstances.

It is our opinion that only one reasonable inference can be drawn from the testimony, which is, that at the time of the accident the insured automobile was being used as a public or livery conveyance for carrying passengers for compensation, and that the exclusion clause in the policy was a bar to a recovery thereunder.

We think we should refer to the cases of *Roadbuilders' Hauling Co. v. Constitution Indemnity Co.,* 165 S. C., 363, 163 S. E., 837, and *Adderton v. Aetna Casualty & Surety Co.,* 182 S. C., 465, 189 S. E., 736, relied upon by respondent. In the first mentioned case, the late and lamented W. H. Townsend, Circuit Judge, Acting Associate Justice, in writing the opinion of the Court, held that the evidence did not "necessarily show that, when injured, Truesdale was a passenger on the truck for hire," and that "the evidence was at least conflicting." [Page 838.] Therefore, a jury issue. In the latter case the insured truck was not engaged for hire by the owners to carry passengers, but was sent out on an entirely different mission, to wit, business of the owners. The "passenger" issue in that case was a minor one, and was disposed of by the Court in part, as follows [page 740]: "The court below correctly held that the mere fact of some testimony that the truck while operated in its legal business was incidentally carrying CCC boys who paid the driver of

the truck compensation for his service did not raise a jury issue."

Continuing, the opinion states the evidence with reference to passengers on the insured truck, immediately following which is this significant statement: "This does not raise a jury issue, as there is not a scintilla of evidence to the contrary."

If authority at all, the *Adderton case* is authority for the position of appellant that there being no conflict in the testimony, it was the duty of the trial Judge to construe the contract and apply such construction to the facts, and that there was no factual issue to be passed upon by the jury.

The respondent urges, however, that there was sufficient testimony to require the trial Judge to submit the question of waiver to the jury. The testimony relied upon is: (a) As to knowledge acquired by Ira B. Jones, Jr., while adjusting a previous loss of the plaintiff for Paul Revere Insurance Company by which name appellant company was formerly known: and (b) as to the acts and conduct of Carlisle Courtney, Jr., in connection with the adjustment of the loss.

The respondent had a policy of insurance on the same automobile with Paul Revere Fire Insurance Company prior to the policy involved in this case. The automobile was wrecked while being driven by Anderson Cooper, who was carrying his sister-in-law to Columbia. Mr. Jones adjusted the loss. Respondent testified that at the time loss was adjusted he advised Mr. Jones that he was an employee in a cotton mill, and that he hauled hands back and forth to the mill. When asked whether he told Mr. Jones that he received compensation for the use of the automobile which Anderson Cooper wrecked while taking his sister-in-law to Columbia, respondent stated Mr. Jones did not ask him the question, and he didn't tell him. He also admitted that at the time Mr. Jones saw the automobile it did not have taxi license tags on it. The license tags had been removed.

The policy involved in that instance and in this case is not void if the automobile is used for taxi or livery purposes,

but merely contains an exclusion clause to the effect that the coverage does not extend to an accident occurring "while the automobile is used as a public or livery conveyance for carrying passengers for compensation."

There is testimony as aforesaid to the effect that the automobile, when it was first damaged, was being used as a public or livery conveyance, or that respondent was for said trip receiving compensation for carriage of a passenger, but the positive testimony of respondent is that he did not advise Mr. Jones of this fact. The testimony, therefore, does not show any forfeiture in connection with the previous accident, and there is no evidence of waiver in the acts or conduct of Mr. Ira B. Jones, Jr., in connection with the subsequent writing of another policy of insurance, which was in force at the time of the accident involved in this action. In addition, this was a separate contract and the company could not presume in advance that the provisions thereof would be violated by the assured.

The acts and conduct of Mr. Courtney, relied upon as evidence of waiver, mainly were in connection with an alleged authorization of repair of the automobile made to a representative of Fairfield Motor Company; alleged statements to respondent that the loss would be paid; and alleged putting of the respondent to trouble and expense after knowledge of forfeiture.

It is not seen wherein transactions between Courtney and Fairfield Motor Company can be relied upon by respondent. Fairfield Motor Company was not his agent and is not a party to the insurance contract or to this action. It does not appear that plaintiff took any steps or was misled to his disadvantage by anything that transpired between Courtney and Fairfield Motor Company. If Courtney made a contract with that company for the repair of the automobile, it would be enforceable as a separate contract by that company and not by the plaintiff on the insurance contract. It does not appear that respondent obligated himself to Fairfield Motor

Company or authorized the repair of the automobile at his expense upon any representations made by Courtney.

But it is contended that Courtney, in his inspection of the automobile, ascertained that it had taxi licenses, and that his subsequent dealings with the respondent evidenced a waiver of the provisions of the contract.

The mere fact that the car was at times used as a taxi, and for that reason might require a taxi license, does not amount to a forfeiture of the policy. It relieved the company of liability only where the automobile was at the time being used as a public or livery conveyance for carrying passengers for compensation, The testimony as to the knowledge of Courtney acquired from Fairfield Motor Company and from an inspection of the car is, therefore, not sufficient to constitute any evidence of waiver.

The first time the respondent was seen or had any negotiations with the adjuster was on October 27, 1937. On that date plaintiff signed notice of loss, Exhibit No. 2, in the course of which it is stipulated as follows: "It is expressly understood and agreed that the furnishing of this blank by an adjuster or agent of the assurer is not a waiver of proof of loss or of any rights of the assurer."

There is no testimony that prior to this time the appellant, or any agent of it, had knowledge that on the particular occasion when the automobile was wrecked it was being used to transport five or six persons for compensation. Whatever was said and done and whatever proof or other documents were furnished by respondent were furnished under the non-waiver agreement contained in Exhibit No. 2, and that contained in Exhibit No. 3, which is to the same purport and effect. There is, therefore, no testimony of acts or conduct on the part of the adjuster which would estop the appellant from claiming the forfeiture.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court, with instructions to enter judgment in favor of defendant (appellant) under Rule 27.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BON-HAM and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.