## CONCORDIA FIRE INS. CO. OF MILWAUKEE v. NELSON.

### No. 9797.

Court of Civil Appeals of Texas. Austin.

May 18, 1949.

Rehearing Denied June 8, 1949.

Hart, Brown & Sparks, and Frank C. Erwin, Jr., Austin, for appellant.

Critz, Kuykendall, Bauknight & Stevenson, and F. L. Kuykendall, Austin, for appellee.

GRAY, Justice.

Appellee sued appellant to recover for the loss of a 1941 Chevrolet automobile described in a policy of insurance issued to him by appellant. The loss was alleged to have been caused by theft. Appellant defendant on the ground that the loss, as sustained, was not within the coverage provided for in the policy of insurance but was within the exclusions therein enumerated.

Upon a nonjury trial the court awarded appellee a recovery for the full value of said automobile.

No findings of fact and conclusions of law were requested and none were filed. The evidence shows appellee was engaged in the business of renting cars under a "drive yourself plan," and, at the time of the transaction involved here, had five rent cars. One Saturday appellee received a telephone call from the Chamber of Commerce at Georgetown, Texas, whereby he was advised that a car was wanted for a week to be used by someone who was doing work for said Chamber of Commerce, and that such person would be in for the car Monday morning. On the following Monday morning, April 12, 1948, one John E. Palmer came to appellee's place of business in Austin with a letter of identification from the Georgetown Chamber of Commerce, told appellee he was in a hurry and wanted a car to go to Lockhart and start on his job. Appellee advised Palmer he would not have a rent car until about 9 o'clock that morning. After some discussion, appellee made a rental agreement with Palmer for a car for one week at $40 per week and 10¢ per mile for all over 150 miles the car was driven. Palmer signed a rental memoranda wherein a 1939 model Chevrolet was the car called for and Palmer paid appellee $100 as a deposit on the rental contract. Appellee then let Palmer have a 1941 Chevrolet which was appellee's personal car and was not one of his rent cars, though on a few occasions in the past it had been rented. This 1941 Chevrolet was let to Palmer with the understanding that he would drive it to Lockhart that day, return it to appellee that afternoon, at which time the 1939 Chevrolet would be delivered to him. Palmer did not return the car on Monday and on the following day appellee called the Georgetown Chamber of Commerce and received information relative to the car which was satisfactory. Appellee did nothing further about the car until April 16, when he was advised by the Chamber of Commerce that they had not heard from Palmer and that they believed something must be wrong. Appellee then filed a complaint against Palmer charging him with theft by bailee of the 1941 car. The car has not been recovered.

No dispute is made as to the issue of the theft of the car by Palmer nor of its reasonable market value. Also, it is admitted there was in force a policy of insurance issued by appellant which contained coverage of the car for loss caused by theft, and that under the exclusions contained in this policy of insurance is the provision:

"This policy does not apply: (a) under any of the coverages while the automobile is used as a public or livery conveyance, unless such use is specially declared and described in this policy and premiums charged therefor."

It is admitted that no premium was paid which would allow a recovery for the car while it was being used as a public or livery conveyance.

By appellant's first point error is assigned to the action of the trial court in rendering judgment against it because appellant says the undisputed evidence shows that at the time the loss occurred the car was being used as a livery conveyance.

322

From appellee's testimony it is clear that a charge was being made for the use of the 1941 model Chevrolet. Appellee said Palmer would pay for the time and mileage the car was used in going to and returning from Lockhart, and, further, that if the car was now returned to him that Palmer would owe him more than the $100 deposit. This evidence together with the evidence that appellee was satisfied to let the car remain in Palmer's possession until he was notified by the Georgetown Chamber of Commerce that something was wrong, establishes that the 1941 Chevrolet was let to Palmer for a consideration and that its use by him was by virtue of a contract right.

Appellee was engaged in a business that is now subject to the same laws applicable to livery stables, the automobile having supplemented horse drawn carriages as a means of transportation. Grimes v. State, 82 Tex.Cr.R. 512, 200 S.W. 378; Keen v. Ross, 186 Ky. 256, 216 S.W. 605. The generally accepted definition of a livery stable is: "A place where horses are groomed, fed, and hired, and vehicles are kept for hire." Grimes v. State, supra [82 Tex.Cr.R. 512, 200 S.W. 379]; 28 Tex. Jur., p. 349.

We think it is clear from the record before us that appellee's business was that of renting cars to the public generally, and that the renting or letting of the car in question was done in the course and pursuit of that business. If it be argued appellee let the 1941 Chevrolet for the trip to Lockhart only in order to secure a contract for the rental of the 1939 model rent car, such argument loses its force because appellee was charging Palmer for time consumed, and the mileage, in going to and returning from Lockhart, and, also, because after the car was not returned on Monday, appellee consented to its use by Palmer until April 16.

We are of the opinion that appellee was doing with the 1941 Chevrolet exactly what appellant was guarding against when it issued to him a policy of insurance excluding liability while the car was being so used—for a livery conveyance. Smith v. Harmonia Fire Ins. Co., 188 S.C. 484, 199 S.E. 698.

It is our opinion that the cases cited by appellee as holding contrary to our view as here expressed, namely: Allor v. Dubay et al., 317 Mich. 281, 26 N.W.2d 772, and the cases therein cited, are not applicable to the facts here because in those cases the insured was using the car for his own individual needs and was an occupant of and in charge of the car, and while so doing was carrying others on a share the expense or share the ride plan.

We are of the opinion the trial court erred in rendering judgment against appellant because the use of the car at the time of its loss was within the quoted exclusion, and that judgment must be here rendered that appellee take nothing as against appellant. This action renders it not necessary for us to consider appellant's other points of alleged error.

The judgment of the trial court is reversed and judgment is rendered that appellee take nothing as against appellant.